## WILLIAM FAY v. MARY E. SWAN.

*Assault with intent to ravish—Evidence—Exemplary damages.*

The plaintiff in an action for an assault with intent to ravish showed that the outrage was attempted in an upper room of a certain hotel, and that defendant had told her that he was in the habit of going there with women; that the keeper of the house expected him, and that it would be of no use to make any noise. *Held* that the testimony of another witness that defendant had tried to get her to go with him to the same house and had then told her that he was in the habit of taking girls there, and that all was arranged there, was relevant and admissible as corroborating plaintiff's story and showing that her danger was real and not feigned.

In an action for damages caused by an assault with intent to ravish, the plaintiff's physician was properly allowed to testify that after the assault he found her in a condition for which he could not account until he heard of the attempted outrage, and that he was satisfied that if the fact was true, it would account for her state.

A wrong doer is liable for the natural results of his trespass, and the jury may take into account the disgrace as well as the physical suffering caused by it.

Error to Genesee.   Submitted Oct. 29.   Decided Nov. 9.

TRESPASS on the case for damages.   Defendant brings error.   Affirmed.

*Wisner & Johnson* and *A. C. Baldwin* for plaintiff in error.   In a prosecution for an infamous crime an admission by the prisoner that he had committed such an offense at another time with another person, and had a tendency to such practices, ought not to be received in evidence : *Rex v. Cole* Mss., 1 Phil. Ev. (5th Am. ed.) 765.

*Newton & Howard* for defendant in error.

CAMPBELL, J.   Mrs. Swan recovered damages against Fay for an assault upon her, committed with much violence, and with a felonious intent to ravish her.

On the trial several questions arose upon the admission of evidence, which were ruled against Fay, on which he brings the case to this court.   In order to understand them it will only be necessary to refer to a very few facts as testified to on the trial.

The assault was committed in a hotel in Flint.   Mrs. Swan had applied to Fay at her husband's request for a small loan which he said he would pay her if she would call there.   On going there she was on some pretext desired to go to a room up stairs, where Fay at once fastened the door and made the attempt in question, which Mrs. Swan resisted successfully. To prevent her from giving an alarm Fay among other things told her that he was in the habit of going there with women, and the keeper of the house expected him and there was no use of making any noise.   There were circumstances going to indicate that this was quite likely, as Mrs. Swan's subsequent experience before getting out, tended to indicate.

Among the witnesses sworn, one Dolly Chase was allowed to testify to an attempt made by Fay to get her to go with him to the same house, when he told her that he was in the

habit of taking girls there, and that all was arranged there. Exception was taken to this as irrelevant.

It is undoubtedly true that proof of one wrong has no legal tendency to prove another. But the point to which this testimony was directed was not the act which Fay meditated committing with Miss Chase, but his admitted habit of visiting the house for such purposes.

Mrs. Swan's statement of the condition of things at that house would have been a very remarkable one if the house was kept as a decent hotel should be, and the statements of Fay that he was in the habit of resorting there with some understanding with the keeper were very important facts as explaining the reason why an alarm would be of no use. Such a circumstance was not only an aggravation of his act, but also a fact bearing on the probabilities. It seems to us that Miss Chase's testimony was not irrelevant but went legitimately to corroborate this part of Mrs. Swan's story. It showed the danger was real and not simulated. There was no error in admitting it.

The second error assigned is that Dr. Murray, the physician who attended Mrs. Swan, was allowed to give his opinion to the jury of the cause of her sickness, based on her statement of the attack on her.

Dr. Murray testified to having had her under treatment for some years for a malady which he described and with the character and progress of which he was well acquainted. Immediately after the assault he was called in and discovered a condition which was unexpected and for which he could not account, after a careful examination, until he was informed of the grievance, and was at once satisfied that if true it would account for her changed state. We cannot see what objection there can be to this testimony. He did not attempt and was not allowed to tell the jury that in his opinion Mrs. Swan's sufferings were due to the attack. He merely said in substance that such an assault would account for them. The fact of the assault was left to them on the proofs.

The court did not err in allowing the jury in estimating damages to take into account the disgrace as well as physical

suffering caused by it. Fay was liable for any of the natural results of his trespass.

The judgment must be affirmed with costs.

The other Justices concurred.