LALONE *v.* RASHID

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION OF LAW— QUESTION OF FACT.

   The existence or want of probable cause for a criminal prosecution is a mixed question of law and fact in an action for malicious prosecution, so that if the facts are not in dispute it is a matter of law to be determined by the court, but if the facts are in dispute, it should be left to the determination of the jury under proper instruction.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION OF FACT.

   The question of the existence or want of probable cause for a criminal prosecution was properly submitted to the jury in

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 52 Am Jur 2d, Malicious Prosecution § 184.
[3] 52 Am Jur 2d, Malicious Prosecution § 195.
[4] 52 Am Jur 2d, Malicious Prosecution §§ 195, 196.
[5] 5 Am Jur 2d, Appeal and Error §§ 964, 965.
[6] 5 Am Jur 2d, Appeal and Error §§ 939, 940, 942.

an action for malicious prosecution where one of the defendants had obtained a warrant for plaintiff's arrest on a charge of larceny in a building for the taking of property in which plaintiff claimed to have a proprietary interest as a member of a joint venture with defendants, where defendants denied the existence of a joint venture, and where, if the plaintiff's version of the parties' relationship was believed by the jury, it would appear that defendants had not made a full and fair disclosure to the prosecutor, thus establishing lack of probable cause.

3. DAMAGES—MALICIOUS PROSECUTION—GENERAL VERDICT.

A jury in a malicious prosecution case may, under proper instruction, by its own computation, assess all the damages, actual and punitive, and return a single general verdict.

4. DAMAGES—MALICIOUS PROSECUTION—TRIPLE DAMAGES—STATUTES.

A trial court cannot submit the question of punitive damages to the jury in a malicious prosecution case and then triple the amount of the general verdict including punitive damages under the statutory provision allowing treble damages in certain cases (MCLA § 600.2907).

5. APPEAL AND ERROR—DAMAGES—JUDGMENT—REVERSAL—PARTIAL NEW TRIAL.

An appellate court may reverse for a partial new trial limited to the question of damages alone.

6. DAMAGES—REMITTITUR.

Judgment on a verdict for plaintiff in the amount of $30,000 stands affirmed if plaintiff within ten days of release of appellate opinion files a written consent to the *remittitur* of $60,000, the amount by which the trial judge increased the general verdict in plaintiff's malicious prosecution case against defendants; if the *remittitur* is not filed, the judgment of $90,000 is vacated in its entirety and the cause is remanded for trial upon the issue of damages alone.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 1 March 2, 1971, at Detroit. (Docket No. 7233.) Decided June 21, 1971. Leave to appeal denied, 386 Mich 756.

Complaint for malicious prosecution by Frank R. LaLone against George E. Rashid and Daniel Ra-

shid.   Judgment of triple the verdict for plaintiff. Defendants appeal.   Affirmed, if plaintiff consents to remittitur; reversed, if no remittitur, for trial on issue of damages alone.

*Howard Schwartz,* for plaintiff.

*Harold M. Ryan (John J. Murray,* of counsel), for defendants.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

O'Hara, J.   In this case we navigate a previously uncharted judicial waterway.   The legislature originally passed a statute in 1846 which, with inconsequential changes since then, provides:

"Every person who shall, for vexation and trouble or *maliciously,* cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200 damages, and shall be deemed guilty of a misdemeanor, punishable on conviction by imprisonment in the county jail for a term not exceeding six months."   MCLA § 600.2907 (Stat Ann 1962 Rev § 27A.2907).   (Emphasis supplied.)

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

For whatever reason, no case we have been able to find in this jurisdiction specifically construes this enactment as it applies to an action for malicious prosecution. This court did advert to it in *Leeseberg* v. *Builders Plumbing Co.* (1967), 6 Mich App 321, 331 (leave denied [1967], 379 Mich 768) in what must be considered *obiter dicta*. We repeat as to the issue here what the court observed in *Leeseberg*:

"Although this statute has been in effect in substantially this language for more than 100 years, no Michigan case interpreting it has been found."

We sketch the factual background necessary to an understanding of the legal issues before us.

Defendants are owners of the patent covering a sophisticated electronic device. They employed plaintiff to attempt to make specific improvements upon it in order to increase its marketability. Apparently he succeeded to some degree. He had not been paid for his work. Neither were certain others whose help he enlisted. There was some rather hazy oral agreement about a stock participation by plaintiff in a corporation to be formed and his share therein. Agreement was never reached and defendants finally told plaintiff his services were no longer needed. Soon thereafter he went to the premises which had been rented by defendants, and in which he had worked on the device, and removed certain property in which he claimed to have had a proprietory interest. Thereafter, according to plaintiff, defendants came to him insisting that he resume working for them on the same basis as before or "he would be sorry". Subsequently, one of the defendants obtained a warrant for plaintiff's arrest on the charge of larceny in a building. He was arrested and after a preliminary examination

bound over to circuit court. On motion therein the information was quashed. Defendant was discharged.

He then instituted an action for malicious prosecution. The case was tried to a jury. They returned a general verdict of $30,000. The trial judge tripled it under what he considered the proper interpretation of the statute hereinbefore set forth. From the $90,000 judgment, defendants appeal of right. They assign error in five particulars. We think several of them blend into each other, and we consider the issues on appeal to be:

1) Was the question of whether defendants made a full and fair disclosure to the prosecuting attorney of their knowledge of the alleged illegal acts properly for the jury? This is to say in legalese, "was the question of whether defendants had probable cause to have plaintiff arrested one of law for the court or one of fact for the jury?"

This issue is, of course, threshold. If there was no fact issue in this regard, then defendants are correct in their contention that this essential first step question was one of law and should not have been submitted to the jury at all, and that they had the protection extended under *Belt* v. *Ritter* (1969), 18 Mich App 495, 503, and other cases without number previously decided in our state.

The rule in Michigan on the question of whether want of probable cause in a malicious prosecution action is a question of law or one of fact was stated in *Obeginski* v. *James* (1966), 4 Mich App 90, 92, a case cited by plaintiff-appellee. This Court there said:

"With reference to the first question, it is firmly established that if the facts are not in dispute, the existence or want of probable cause is a matter of

law to be determined by the court. *Rankin* v. *Crane* (1895), 104 Mich 6; *Merriam* v. *Continental Motors Corporation* (1954), 339 Mich 546; *Renda* v. *International Union, UAW* (1962), 366 Mich 58; and *Drobczyk* v. *Great Lakes Steel Corporation* (1962), 367 Mich 318.

*"It is equally well established that if the facts are in dispute, since probable cause is a mixed question of law and fact,* it should be left to the determination of the jury under proper instruction. *Fine* v. *Navarre* (1895), 104 Mich 93; *Slater* v. *Walter* (1907), 148 Mich 650; and *Hall* v. *American Investment Co.* (1928), 241 Mich 349." (Emphasis supplied.)

See, also, *Sottile* v. *DeNike* (1969), 20 Mich App 468. Generally, see Anno: Probable Cause or Want Thereof, In Malicious Prosecution Action, as Question of Law for Court or of Fact for Jury (1963), 87 ALR2d 183.

In the case at bar the facts were in dispute. The plaintiff claimed the property he took belonged in part to him as a member of a joint venture. Defendants denied the existence of a joint venture and claimed that plaintiff had no proprietary interest in the items taken from the shop. If plaintiff's version of the parties' relationship was believed by the jury, it would then appear that the defendants did not make a full and fair disclosure to the prosecutor. Lack of probable cause would then be established.

This Court, when faced with a similar fact situation in *Obeginski, supra,* said (p 93):

"There was evidence in the record from which the jury could conclude that the appellant informed the appellee that Freeman Brandt, a licensed contractor, was the builder and that she didn't make a full and fair disclosure to the prosecutor when she signed the criminal complaint and that she signed

it in order to effect the correction of the defective tile work.

"The jury is the sole judge of the credibility of the witnesses, the weight to be accorded their testimony, and it may draw reasonable inferences from the evidence. *Albu* v. *Sweeney* (1959), 355 Mich 385."

Since the question of probable cause in the instant case was also in dispute the court below properly submitted it to the jury.

2) Defendants' second issue is the one to which we must write as a case of first impression. Defendants thus phrase it: "Did the trial court err in instructing the jury to consider exemplary damages and then treble the verdict under Michigan Statutes Anno: 27A.2907? The trial court held 'No'. The appellants contend 'Yes'."

We hardly need mention that the stated question assumes half the conclusion in its premise. To answer it we must first determine whether the trial court did in fact instruct the jury it could properly consider exemplary damages as part of its general verdict.

We quote the crucial excerpt from the charge.

"Now if you determine that the plaintiff has sustained the burden of proof of malicious prosecution or malicious prosecution and false imprisonment, or malicious prosecution and conspiracy, then you will pass on the question of damages, and here again damages must be given by a preponderance of the evidence. Damages are to be reasonable. They are not to be speculative or conjectural, nor are they to be concerned with costs of the prosecution, such as the common term court costs. They are such items as will fairly and reasonably compensate a person for their injuries.

"Damages for malicious prosecution may embrace the plaintiff's expense in protecting himself, his loss of time, his deprivation of liberty, and the society of his friends or family, and his injury to personal mortification.

"Now there has been comment by counsel about exemplary damages, and I will describe damages more particularly now. I should have said to you earlier, and I say to you now, the law of facts as given to you by counsel are not the law of the case. What I am giving you are the instructions which are the law of the case. And so you follow my instructions and that is the rule.

"Now the law does not provide for any exemplary damages unless there is malice, but since there is malice charged here, the question of exemplary damages is before you. So exemplary damages may be allowed in cases where the element of malice is found, for actual damages for injured feelings may be increased or aggravated by the degree of malice. Exemplary damages are not 'smart money' or punishment for the defendant. They are intended only as compensatory damages for the supposed aggravation of the injury to the feelings by the wanton and reckless act of the defendant through the malicious act charged or found. And this arises because the wrongdoer has acted recklessly, willfully, and maliciously.

"Now these items of damage to one's person are not susceptible of proof. No one has taken the witness stand to say that they are in dollars and cents, for the reason that they rest entirely and solely in your discretion. The items of out-of-pocket-money have been specifically described in dollars and cents but not the items of damage to the person of the plaintiff. If you find that the plaintiff has sustained all the elements necessary by a preponderance of the evidence and has sustained damages, then your verdict will be for the plaintiff in the amount of the total damages, including the out-of-

pocket damages and *any other damages found*."
(Emphasis supplied by this Court.)

We have exhaustively researched the subject of
punitive damages. To cite all the cases we re-
viewed, beginning with Justice Cooley's terse opin-
ion in *Swift* v. *Applebone* (1871), 23 Mich 252, and
Justice Graves' almost encyclopedic footnoted opin-
ion in *Wallace* v. *Finch* (1872), 24 Mich 255, up to
and including the previously cited *Leeseberg,* would
so extend this opinion as to discourage all but the
most devoted legal students from reading it. Of
these things we are fully convinced:

1) No case we have been able to find expressly
refers to the statute here involved, and under which
the trial judge trebled the amount of the general
verdict.

2) It is not open to question that under proper
instruction the jury may, by its own computation,
assess all the damages, actual and punitive, and
return a single general verdict.

3) It is clear to us, however, that in no case can
the court submit the question of punitive or exem-
plary damages (and there is no difference) to the
jury and then treble the amount of *that* general
verdict.

This, we are forced to conclude, is what happened
here. When the trial judge stated, "the question of
exemplary damages is before you" he submitted the
question of damages based upon the elements of
malice, ill-will, or wanton recklessness to them.
Thus, when the jury returned a general verdict, that
element which the court added to it by trebling the
amount of the verdict had already been considered
and evaluated by the jury. This is impermissible.

But what then is the meaning of the statute? Surely the Legislature had something in mind when it passed it.

We are forced to conclude that the enactment provided only an additional method of computing punitive damages. Certainly it added nothing to the substantive law when it recited that to be entitled to treble damages the procuring of the arrest had to have been done *maliciously*.

There is no such thing as a recovery in *any* amount, for *any* class of damages for malicious prosecution, absent malice. This, our Supreme Court has repeated times without number:

"To maintain a suit for malicious prosecution three distinct propositions must be established:

"*First.* The fact of the alleged prosecution and that it has come to a legal termination in the plaintiff's favor.

"*Second.* That the defendant had not probable cause.

"*Third.* That he acted from malicious motives." (*Hamilton* v. *Smith* [1878], 39 Mich 222, 225.)

Mr. Justice TALBOT SMITH, now an esteemed member of the Federal bench, while an Associate Justice of our State Supreme Court also addressed himself to the subject.

"What, then, are the requisite elements of the cause of action? In *Merriam* v. *Continental Motors Corporation,* [1954], 339 Mich 546, 554, we said:

" ' "We have repeatedly held that in order to maintain a suit for malicious prosecution it must be established: (1) The fact of the alleged prosecution has come to a legal termination in plaintiff's favor; (2) that the defendant had no probable cause; (3) *that he acted from malicious motives."* ' " (*Roblyer* v. *Hoyt* (1955), 343 Mich 431, 435.) (Emphasis supplied.)

Additionally, it has been held that once these elements are established, exemplary or punitive damages may be awarded by the jury.

There have been countless cases in which a general verdict has been returned in malicious prosecution cases in excess of the actual damages proved. Many of these verdicts have been upheld, or modified only as to amount. But nowhere as before mentioned do we find any verdict entered pursuant to the statute. This, we attribute to the fact that plaintiffs have preferred to submit the whole question of damages, actual and punitive, to the jury and to seek from it a single general verdict.

We construe the statute to mean that if a plaintiff elects to proceed thereunder he must make his election known to the court and to the defendant *before* the case is submitted to the jury. Then, and in that event, the court shall instruct the jury to find only the actual damages suffered by plaintiff and to return a verdict in that amount. To so construe the statute, we consider the word "damages" as used the first time in our reproduction of the statute on the first page of this opinion to mean "actual" damages. If such a verdict is returned in plaintiff's favor, then upon application to the court, that amount must be trebled by the court since any verdict for plaintiff implicitly contains a finding of malice on the part of the defendant.

In the case at bar neither counsel *before* the case was submitted to the jury asked that any verdict be segregated as to actual damage, although defendants' counsel sought to have this done *after* the general verdict was returned. The judge declined to question the jury as to its division of the verdict at that point, and the propriety of that ruling has not been raised or briefed.

We are satisfied that under the charge as given the jury did in fact award some amount for punitive or exemplary damage. Indeed, this is precisely what the court told them to do. But since the jury did not specify in its general verdict what amount was actual damage, how can we possibly determine what amount should be trebled?

We have considered the question at length and have decided to avail ourselves of a practice which, while permitted, is not encouraged, nor is to be lightly invoked. We reverse for a partial new trial limited to the question of damages alone. See *Bias v. Ausbury* (1963), 369 Mich 378, 383. In so doing, we preserve what plaintiff achieved in a trial, the record of which fills four very copious volumes. He has won his point under the jury system that he was injured; that the nature of the injury inflicted calls for the added element of punitive damages because it was maliciously inflicted. Indeed, if this element had not been found under our case precedent, no verdict at all could have been returned for plaintiff.

Defendant has made his point in his well-briefed contention that the punitive or exemplary damages were in fact included in the general verdict, and thus were impermissibly trebled by the court.

We vacate the judgment of $90,000 in treble the amount of the general verdict returned by the jury. We remand to the trial court for a new trial on the issue of damages alone, subject however to the following conditions:

We accord plaintiff an option because we are convinced that the trial judge in effect, by his charge, advised the jury of its right to assess exemplary damages. We are further convinced that the jury did in fact assess some amount in its general verdict for this element. Plaintiff may want to

consider this a single general verdict for all his damages.

Therefore, if plaintiff shall within ten days from the release of this opinion to the parties, file with the trial court in writing a consent to the *remittitur* of the amount added to the general verdict of the jury of $30,000, then, and thereupon, the judgment in the amount of $30,000 shall stand affirmed.

If plaintiff chooses not to file such *remittitur,* the judgment is vacated in its entirety and the cause shall stand remanded to the trial court for a new trial upon the issue of damages alone as hereinbefore ordered.

No costs, neither party having prevailed in full. All concurred.