COVELLO v BRAMMER

1. JUDGMENT—FINAL JUDGMENT—THIRD-PARTY ACTIONS—COURT RULES.

A judgment for a plaintiff against a defendant in a case which also involves a third-party claim is not a final judgment where there is no express determination that there is no just reason for delay in entry of judgment and no express direction for the entry of final judgment in accordance with the court rules (GCR 1963, 518.2).

2. JUDGMENT—FINAL JUDGMENT—REVISION OF JUDGMENT—THIRD-PARTY ACTIONS.

The terms of the court rule governing the entry of judgment in cases involving multiple parties make an order or judgment which is not final subject to revision at any time before the entry of a judgment adjudicating all the parties' claims; therefore, a judgment for a plaintiff against a defendant in a case which also involved a third-party claim was properly vacated where there was no express determination that there was no just reason for delay in entry of judgment, there was no express direction for the entry of judgment, the judgment foreclosed an affirmative defense of the third-party defendant, and that affirmative defense was not properly considered in rendering the judgment (GCR 1963, 518.2).

Appeal from Kalkaska, William R. Peterson, J. Submitted Division 3 April 3, 1973, at Grand Rapids. (Docket No. 14058.) Decided May 24, 1973.

Complaint by Joseph Covello and Helen R. Covello against Robert Brammer and Keith Buck for removal of a building from plaintiffs' land or for an order to have defendants buy the land from plaintiffs. Third-party complaint by Robert Bram-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Judgments §§ 1053–1056.

mer and Keith Buck against B.M. Wolfe, Opal I. Wolfe, Stanley Slates, Geraldine A. Slates, and Everett Worthington for damages for losses incurred as a result of the purchase of the land from the third-party defendants. Summary judgment for plaintiffs Covello. On motion by defendant Brammer to have the judgment set aside, judgment vacated and a new trial ordered. Plaintiffs appeal. Affirmed.

*Zerafa & Zerafa,* for plaintiffs.

*Menmuir & Zimmerman,* for defendants.

*Nelson A. Miles,* for third-party defendant Everett Worthington.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

HOLBROOK, P. J. Plaintiffs Joseph and Helen Covello filed a complaint January 17, 1969, against defendant Brammer, later joining defendant Buck by subsequent amendment in July 1969, alleging that the defendants were occupying land to which plaintiffs had title. The complaint sought to have defendants' cabin removed from plaintiffs' land or to order defendants to buy the land from plaintiffs. Counsel for the defendants did not file an appearance until April 8, 1969. On July 17, 1969, a pretrial conference was held, but defense counsel had not yet filed an answer. Another pretrial conference was scheduled for September 3, 1969, and though defense counsel still had not filed an answer, plaintiffs' counsel agreed he would not default defendants if an answer was filed immediately. On October 22, 1969, an order to join the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

third-party defendants was filed by defendants' counsel. On October 23, 1969, an answer to plaintiffs' complaint was finally filed, along with a third-party complaint. There is no proof of service of the third-party complaint on any of the third-party defendants in the pleadings, but on November 17, 1969, third-party defendant Worthington by his attorney filed his appearance, and subsequently filed his answer December 5, 1969.

In the meantime, on October 28, 1969, a pretrial conference was held before a visiting circuit judge. Plaintiffs' attorney made a motion for a summary judgment at this conference based upon the answer of defendants. The visiting circuit judge indicated that on the pleadings a grant of the motion was warranted, but he would allow defendants time to file an affidavit under GCR 1963, 116 to set out facts that might state a valid defense to the complaint. No affidavit was filed. The only record of the October 28, 1969, proceedings is contained in the pretrial conference report signed by the visiting circuit judge.

Another pretrial conference was scheduled for January 12, 1970, by the resident circuit judge, but the matter was put over until January 15, 1970. The attorney for defendants notified the office of the attorney for third-party defendant Worthington of the pretrial conference on January 13 or 14, 1970, by telephone. The attorney for Worthington was in Florida at the time of the telephone call and therefore did not attend the conference. On January 15, 1970, proofs were taken on the amount of damages and final judgment was entered ordering defendants to remove the improvements on the property and to pay $1,500 in damages to the plaintiffs. The judgment was filed February 5, 1970. The third-party defendant then

brought a motion to set aside the judgment on May 7, 1970. On July 16, 1970, the resident circuit judge *in a written opinion* denied the motion on the grounds that the judgment filed February 5, 1970, as to the defendants Brammer and Buck did not bar any defense Worthington had in the third-party action, although Worthington had pleaded as a defense to the main action adverse possession. Third-party defendant Worthington appealed to the Court of Appeals which declined to accept the appeal on August 4, 1970, because it was not from a *final order* or judgment. Trial was eventually set for May 19, 1971, on the third-party claim.

Brammer hired new counsel in May 1971, and requested a stay of the trial. On May 29, 1971, Brammer moved to have the judgment of January 15, 1970, set aside on the grounds that he had been so grossly misrepresented by his previous counsel that he was denied due process and therefore should be awarded a new trial. Despite precedent stating a contrary rule, the circuit judge thought such a high degree of irresponsibility existed on the part of Brammer's defense counsel that the judgment should be vacated and new trial ordered. See, *Everett v Everett,* 319 Mich 475 (1947). Since we find other grounds for affirming the circuit court's order granting a new trial as to all parties, we need not discuss this issue.

Our grounds for affirming the order of the circuit judge is based on an issue originally raised by third-party defendant Worthington when he sought a stay of the judgment granted January 15, 1970, and filed February 5, 1970, as to defendants Brammer and Buck. As aforesaid the circuit judge denied the motion on the grounds that Worthington's rights would not be prejudiced by the judgment in the third-party action. Defendants Bram-

mer and Buck assert a violation of deed warranties by Worthington and others as grantors of the disputed land to them. This was an erroneous ruling, since Worthington claimed as his main defense adverse possession of plaintiffs' land by coupling the period of his and the other third-party defendants' joint possession from 1952 to 1960 with the period of Brammer's and Buck's possession from 1960 to 1969 to meet the required 15-year statutory period for adverse possession. The judgment against Brammer and Buck declared the Covellos owners in fee simple absolute of the disputed land and thereby foreclosed the adverse possession affirmative defense.

Be that as it may, Worthington in his motion to set aside the February 5, 1970, judgment objected to the visiting circuit judge's noncompliance with GCR 1963, 518.2 when the court granted a summary judgment to plaintiffs as to defendants Brammer and Buck. The third-party defendants raise the objection again here. GCR 1963, 518.2 reads:

"Judgment Upon Multiple Claims or Involving Multiple Parties. When more than 1 claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to 1 or more, but fewer than all, of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating*

*all the claims and the rights and liabilities of all the parties."* (Emphasis supplied.)

There was never an express determination by the visiting circuit judge that there was no just reason for delay. Nor was there an *express entry of a final judgment* as to Brammer and Buck. Worthington himself did not receive notice of the February 5, 1970, judgment until April 21, 1970, when a pretrial conference was held on the third-party action commenced by defendants Brammer and Buck. He then immediately sought a stay of the judgment with the result described above. GCR 1963, 518.2 is explicit in its requirements. Unless the appropriate express determination about delay is made there can be no appeal taken since the judgment is not yet a final one. *Chevrolet Local 659, UAW-CIO v Reliance Ins Companies,* 21 Mich App 123 (1970). Moreover, by the express terms of GCR 1963, 518.2 the judgment since it is not final is subject to revision at any time before the entry of a judgment adjudicating all the parties' claims. See the result reached under the similar Federal rule in *United States v Desert Gold Mining Co,* 433 F2d 713 (CA 9, 1970). See also, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comment 4, pp 628–631. Since, therefore, the express requirements of GCR 1963, 518.2 were not met, and since the affirmative defense of third-party defendants Worthington, et al, was not properly considered below because of the lack of notice of proceedings adjudicating their defense, the judgment filed February 5, 1970, for the plaintiffs was correctly vacated by the circuit judge.

Affirmed, costs to await final determination.

All concurred.