PAULEY v HALL

Docket Nos. 56299, 62634. Submitted February 8, 1982, at Lansing.—
Decided March 21, 1983. Leave to appeal applied for.

Doral V. Pauley, doing business as Pauley Oil Company, acquired
from Truman and Mary Fassett in February, 1976 an oil and
gas lease for the Fassetts' 80-acre property in Gladwin County.
Subsequently the Fassetts sold 40 acres of this property to Lee
and Sara Hall. The Hall deed was recorded in June, 1976. The
Pauley leasehold interest was not recorded until May, 1977.
When Pauley was unable to exercise his leasehold rights under
the oil and gas lease against the Halls, he brought an action in
Gladwin Circuit Court against the Halls and the Fassetts,
seeking enforcement of the lease and money damages. State-
Wide Real Estate of Midland, Inc., was added as a third-party
defendant on a complaint filed by the Fassetts. The Halls
moved for summary judgment and subsequently filed a counter-
complaint alleging malicious prosecution by Pauley. The mo-
tion for summary judgment in favor of the Halls on Pauley's
complaint was granted by Robert H. Campbell, J., and an order
was entered, however, that order did not specifically indicate
that the judgment was a final judgment. The Halls' malicious
prosecution action was tried before a jury, which returned a
verdict of $7,000. A judgment for treble damages was entered
by Judge Campbell, who subsequently denied Pauley's motions
for judgment notwithstanding the verdict or for a new trial.
Pauley appealed from the judgment in the malicious prosecu-
tion action. The Halls moved for entry of a *nunc pro tunc* order

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 112.
  5 Am Jur 2d, Appeal and Error § 886.
[2] 52 Am Jur 2d, Malicious Prosecution § 6 *et seq.*
[3] 73 Am Jur 2d, Summary Judgment § 43.
[4, 5] 73 Am Jur 2d, Summary Judgment §§ 18, 22, 32.
[6] 73 Am Jur 2d, Summary Judgment §§ 26, 27, 32.
[7] 56 Am Jur 2d, Motions, Rules, and Orders § 44.
[8-10] 52 Am Jur 2d, Malicious Prosecution §§ 140-142, 156.
[11] 52 Am Jur 2d, Malicious Prosecution § 93 *et seq.*
[12-14] 52 Am Jur 2d, Malicious Prosecution §§ 94, 96, 104.

making the prior order of summary judgment a final judgment. Tyrone Gillespie, J., granted the motion and entered a final order of summary judgment *nunc pro tunc* to the date of the prior order. Pauley appealed from that order of judgment. The appeals were consolidated. *Held:*

1. Since Pauley failed to plead or produce any admissible facts supporting the allegation that the Halls had knowledge of the leases at the time of their purchase of the land, summary judgment in favor of the Halls was proper. There was no error in granting summary judgment prior to the completion of discovery, since Pauley pleaded only that there might be a disputed fact rather than that discovery was necessary to establish the factual basis of a disputed fact.

2. The statements attributed to Pauley's agents relative to the validity of the Pauley leasehold interest and to the intent to litigate the matter until the Halls were broke were sufficient to establish both lack of probable cause for the Pauley suit and malice in bringing that suit.

3. The treble damage statute applies equally to actions for malicious prosecution arising out of civil prosecutions as to those arising out of criminal prosecutions. The treble damages statute permits the trebling of actual damages, including damages for mental anguish, embarrassment, humiliation, and mortification, since those elements of damages are elements of actual rather than exemplary damages. The treble damages provided by the statute are punitive rather than compensatory in nature.

Affirmed.

1. JUDGMENTS — JUDGMENT NOTWITHSTANDING THE VERDICT — APPEAL.

   A court reviewing a motion for a judgment notwithstanding the verdict must view all the evidence and testimony adduced at the trial in the light most favorable to the person against whom the motion was made; if, when the evidence is so viewed, there is any evidence which was competent and sufficient to support the jury's verdict, the verdict should not be disturbed.

2. MALICIOUS PROSECUTION — ELEMENTS.

   The elements which establish malicious prosecution include: (1) the present defendant instituted a prior legal action against the present plaintiff, (2) the prior action was terminated in favor of the present plaintiff, (3) the present defendant lacked probable cause to bring the prior action, and (4) the present defendant acted maliciously in bringing the prior action.

3. JUDGMENTS — FINAL JUDGMENT — SUMMARY JUDGMENT.

Summary judgment for less than all the parties in a multi-party suit is not a final judgment where there is no express determination that there is no just reason for delay of judgment and no express direction for entry of final judgment in accordance with the court rules (GCR 1963, 518.2).

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — DISPUTED FACT — EVIDENCE.

A showing of the existence of a disputed fact for the purpose of opposing a motion for summary judgment on the basis that there is no disputed fact must be established by reference to evidence which would be admissible at trial; a disputed fact may not be established by inadmissible opinion evidence, conclusionary denials, unsworn averments, or inadmissible hearsay (GCR 1963, 117.2[3]).

5. MOTIONS AND ORDERS — SUMMARY JUDGMENT — DISPUTED FACTS — PLEADINGS.

Allegations of fact in the unverified pleading of a third party which are based on information and belief are insufficient to establish the existence of a disputed issue of fact which will defeat a motion for summary judgment based on the absence of any disputed fact, since such allegations are hearsay and would not be admissible at trial (GCR 1963, 117.2[3]).

6. MOTIONS AND ORDERS — SUMMARY JUDGMENT — DISPUTED FACTS — DISCOVERY.

The granting of summary judgment on the basis that there is no genuine issue of material fact in dispute is premature if made before discovery on the disputed issue is complete; however, summary judgment on that basis may be granted before discovery is complete where the nonmoving party had pleaded only that there may be a disputed fact and additional discovery is necessary to ascertain if there is someone who can testify as to the facts which may be in dispute (GCR 1963, 117.2[3]).

7. COURTS — MOTIONS AND ORDERS — NUNC PRO TUNC ENTRIES.

A nunc pro tunc entry, in practice, is an entry made now of something which was actually previously done, to have effect as of the former date, not to supply omitted action by the court but to supply an omission in the record.

8. MALICIOUS PROSECUTION — INFERENCES — PROBABLE CAUSE.

Lack of probable cause in an action for malicious prosecution may not be inferred from a finding of malice.

9. MALICIOUS PROSECUTION — EVIDENCE — PROBABLE CAUSE.

Evidence of an admission made by an agent of the defendant in a malicious prosecution action before the commencement of the prior action giving rise to the malicious prosecution claim that the basis of the prior claim was invalid is sufficient to permit the question of lack of probable cause to go to the jury.

10. MALICIOUS PROSECUTION — INFERENCES — MALICE.

Malice may be inferred in a malicious prosecution action from a finding of lack of probable cause.

11. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES.

The statute authorizing the trebling of damages secured in an action for malicious prosecution is applicable to civil prosecutions as well as criminal prosecutions (MCL 600.2907; MSA 27A.2907).

12. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES — ACTUAL DAMAGES — EXEMPLARY DAMAGES.

A jury award in a malicious prosecution action may be trebled in accordance with the statutory provisions even though the instruction to the jury included as elements damages for mental anguish, denial of social pleasures and enjoyments, embarrassment, humiliation, and moritification, since those elements of damages are elements of actual rather than exemplary damages (MCL 600.2907; MSA 27A.2907).

13. MALICIOUS PROSECUTION — DAMAGES — EXEMPLARY DAMAGES.

A plaintiff in a malicious prosecution suit need not elect to submit the question of exemplary damages to the jury or have his or her actual damages trebled pursuant to statute, because exemplary damages are not permissible in a malicious prosecution case (MCL 600.2907; MSA 27A.2907).

14. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES — PUNITIVE DAMAGES.

The statute permitting the trebling of damages in malicious prosecution actions is punitive rather than compensatory in nature (MCL 600.2907; MSA 27A.2907).

*Monaghan, Campbell, LoPrete, McDonald & Norris* (by *James J. Williams),* for plaintiff and counter-defendant.

*Schneider, Handlon & Gerisch* (by *Sidney B. Schneider),* for defendant and counter-plaintiff.

Before: DANHOF, C.J., and M. F. CAVANAGH and
D. F. WALSH, JJ.

M. F. CAVANAGH, J. In December, 1977, plaintiff
and counter-defendant Pauley sued defendants and
counter-plaintiffs Hall and Fassett. Two months
later, the Halls won a summary judgment against
Pauley who, after the summary judgment was
rendered final by a *nunc pro tunc* order, appeals
by right (Docket No. 62634). The Halls then sued
Pauley for malicious prosecution. The jury re-
turned a verdict of $7,000 in their favor, and the
trial judge trebled this amount. Pauley also ap-
peals from this judgment by right (Docket No.
56299).

Briefly, the facts are as follows. In February,
1976, Pauley and the Fassetts negotiated an oil
and gas lease for the Fassetts' 80-acre property in
Gladwin, Michigan. Subsequently, the Halls
bought 40 acres of this property from the Fassetts.
A title search failed to reveal Pauley's oil and gas
lease, and the Halls' deed was recorded on June
16, 1976. Pauley's leasehold interest was not re-
corded until May 20, 1977.

Pauley attempted to enforce his oil and gas lease
against the Halls after learning they had bought
the property from the Fassetts. After his efforts
failed, he began suit against the Halls and the
Fassetts, in the alternative, on December 5, 1977.
The Halls moved for summary judgment claiming
that they had not actually known about the oil
and gas lease before they purchased their prop-
erty. The trial court granted their motion and
entered a summary judgment in their favor. The
Halls then began an action against Pauley for
malicious prosecution, which resulted in a judg-
ment in their favor. Pauley appeals from both the

judgments in favor of the Halls, and the two cases were consolidated by this Court for decision.

In the malicious prosecution case, Pauley raises two issues on appeal. First, he argues that the Halls failed to prove a prima facie case for malicious prosecution, and therefore the trial court should have granted his motion for a judgment notwithstanding the verdict. Second, he argues that the trial judge improperly trebled the jury's verdict.

In *Taft v J L Hudson Co,* 37 Mich App 692, 698; 195 NW2d 296 (1972), *lv den* 387 Mich 772 (1972), this Court described the standard of review for a motion for a judgment notwithstanding the verdict as follows:

"In Michigan a court reviewing a motion for a judgment notwithstanding the verdict must view all the evidence and testimony adduced at the trial in the light most favorable to the person against whom the motion was made. If, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, said determination should not be disturbed." (Citations omitted.)

Thus, we must examine whether there is any competent evidence to support the jury's determination that Pauley had engaged in malicious prosecution of the Halls.

The elements which establish malicious prosecution include: (1) the present defendant instituted a prior legal action against the present plaintiff, (2) the prior action was terminated in favor of the present plaintiff, (3) the present defendant lacked probable cause to bring the prior action, and (4) the present defendant had acted maliciously in bringing the prior action. *Wilson v Yono,* 65 Mich

App 441, 443; 237 NW2d 494 (1975).[1] Pauley concedes that the first element was established, *i.e.,* that he sued the Halls, but claims that the suit was not terminated in their favor nor did they show the requisite elements of lack of probable cause and malice.

Pauley alleges that the summary judgment in the original action, entered April 6, 1978, was not a final judgment because it did not comply with GCR 1963, 518.2. That rule requires the trial court, whenever granting a summary judgment for less than all the parties in a multi-party suit, to expressly state in the judgment itself that the judgment is final and that "there is no just reason for delay". This Court has ruled that there must be strict compliance with GCR 1963, 518.2. *Covello v Brammer,* 47 Mich App 395, 400; 209 NW2d 615 (1973). It is clear that the 1978 order of summary judgment did not comply with this court rule; however, that order of summary judgment was amended by an order *nunc pro tunc* which was entered July 21, 1981, which did comply with GCR 1963, 518.2.

In the consolidated appeal from the order of summary judgment, Pauley argues that: (1) the trial court erred in granting summary judgment to the Halls, and (2) the trial court erred in amending *nunc pro tunc* the original order of summary judgment in favor of the Halls in order to render it final under GCR 1963, 518.2. A determination of

---

[1] In *Freidman v Dozorc,* 412 Mich 1, 32; 312 NW2d 585 (1981), the Michigan Supreme Court held that "under Michigan law special injury remains an essential element of the tort cause of action for malicious prosecution of civil proceedings". A complaint for malicious prosecution must allege interference with the plaintiff's person or property, such as through arrest or attachment, sufficient to constitute special injury. 412 Mich 17. In the instant case, plaintiff Pauley has never attempted to argue, in the trial court or on appeal, that defendants Hall failed to show any special injury, thus we find this issue is not properly before us.

these issues must precede any finding that the prior suit terminated in favor of the Halls, which is an essential element of their malicious prosecution case.

It is well-settled in Michigan that under GCR 1963, 117.2(3) a trial court has the authority to grant a motion for summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Szidik v Podsiadlo,* 109 Mich App 446, 448; 311 NW2d 386 (1981). Opponents of a motion grounded upon this court rule must show the existence of a factual dispute by submitting opposing affidavits, testimony, depositions, admissions, or other documentary evidence. Opinion evidence, conclusory denials, unsworn averments, and inadmissible hearsay do not satisy GCR 1963, 117.2(3); the existence of a disputed fact must be established by admissible evidence. *Goldman v Loubella Extendables,* 91 Mich App 212, 217; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979); *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978).

Pauley alleges that the court file contained two separate pleadings which indicated that the Halls knew of his leasehold interest before they purchased their property. These pleadings consisted of an answer and third-party complaint by the Fassetts which alleged that third-party defendant State-Wide Real Estate of Midland, Inc., had told the Halls about the lease. These unverified pleadings, drafted solely upon information and belief by the Fassetts' attorney, contained multiple levels of hearsay and, as such, were insufficient to sustain Pauley's burden of showing the existence of a factual dispute. Thus, at the time the Halls' motion for summary judgment was argued, the court

had no competent evidence before it which established the existence of witnesses who could testify that the Halls in fact had had actual notice of the lease.

Pauley argues in the alternative that the trial court's grant of the summary judgment was premature because his discovery on the issue of the Halls' knowledge of the lease had not yet been completed. This Court has held that a grant of summary judgment is premature if made before discovery on the disputed issue is complete. *Goldman, supra,* 218; *Johnston v American Oil Co,* 51 Mich App 646, 650-651; 215 NW2d 719 (1974). However, there must be a disputed issue before the court. If the party opposing a motion for summary judgment cannot present competent evidence of a disputed fact because his or her discovery is incomplete, the party must at least assert that such a dispute does indeed exist and support the allegation by some independent evidence, even if hearsay. An unsupported allegation which amounts solely to conjecture does not entitle a party to an extension of time for discovery, since under such circumstances discovery is nothing more than a fishing expedition to discover if any disputed material fact exists between the parties. Here, Pauley alleged only that the Halls *may* have known about his leasehold interest and that he needed time to depose the parties to find out *if* anyone had told the Halls about the lease. This amounts to an insufficient showing of a disputed fact, and the court did not err in refusing Pauley's request for additional time for discovery. Furthermore, even if we were persuaded that error had occurred, we note that the error would have been harmless because during the malicious prosecution case between the parties the testimony revealed

that the Halls had no notice of the leasehold interest, thus indicating no factual dispute existed between the parties with respect to the summary judgment.

Pauley also argues that the trial court erred in amending *nunc pro tunc* the original order of summary judgment in order to render it final under GCR 1963, 518.2 because neither the parties nor the court intended that the judgment be final. We disagree.

A *nunc pro tunc* entry has been defined by the Michigan Supreme Court as:

" 'an entry made *now* of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted *action* by the Court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake.' " *Mallory v Ward Baking Co,* 270 Mich 91, 93; 258 NW 414 (1935).

We conclude that the parties and the court intended the summary judgment to be a final disposition between the parties, and thus the *nunc pro tunc* order rendering it final under GCR 1963, 518.2 was correct. Not only did the parties treat the judgment as final in the ensuing malicious prosecution case, but also the court which issued the judgment and presided over the subsequent suit clearly expressed its belief that the judgment was final.

We affirm both the summary judgment in favor of the Halls and the *nunc pro tunc* order which rendered it final under GCR 1963, 518.2. Thus, for the purposes of the malicious prosecution case, the summary judgment established that the prior suit terminated in favor of the Halls.

In his appeal from the judgment in the mali-

cious prosecution suit, Pauley next argues that the Halls failed to prove that he had no probable cause to sue them to enforce his oil and gas lease. A plaintiff in a malicious prosecution case has the burden of proving that probable cause to institute the prior suit did not exist. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 619; 310 NW2d 15 (1981). Furthermore, lack of probable cause may not be inferred from malice. *Weiden v Weiden,* 246 Mich 347, 352; 224 NW 345 (1929). In this case, the lack of probable cause is to be decided as a question of law rather than one of fact since the facts are not in dispute (Pauley presented no evidence at trial to counter that presented by the Halls). *Wilson, supra,* 65 Mich App 446.

Michigan's recording statute, MCL 565.29; MSA 26.547, provides that an unrecorded conveyance in land is void as against a subsequent bona fide purchaser who: (1) records his or her deed first, and (2) did not have actual notice of the previous deed. Since it is clear that the Halls recorded their deed first and Pauley did not record the oil and gas lease purportedly obtained from the Fassetts until well after the sale of the property to the Halls, the question becomes whether Pauley had probable cause to believe that the Halls had actual notice of his oil and gas lease at the time of their purchase of the property. Pauley argues that he sued the Fassetts and the Halls in the alternative to determine whether the Halls had actual knowledge of the lease. However, defendant Sara Hall testified that one of Pauley's agents and one of his sales managers, while attempting to persuade her to honor the lease, admitted to her that the lease was invalid. These statements can be taken as admissions that Pauley lacked probable cause to

sue the Halls and, as such, the evidence was sufficient to allow the case to go to the jury.

Pauley next argues that the element of malice was not sufficiently established. Although lack of probable cause may not be inferred from malice, malice may be inferred from lack of probable cause. *Weiden, supra,* 246 Mich 352. In addition, the evidence presented amply established the existence of malice. Pauley's sales manager informed defendant Sara Hall that he knew the Halls were poor and would be unable to defend themselves and, therefore, Pauley would sue them and start the action around Christmas, when the Halls could least afford it. He also stated that he knew the lease was invalid but Pauley would sue anyway and keep the Halls in court until their money ran out. Accepting this testimony as true, as required when reviewing a motion for judgment notwithstanding the verdict, we find the existence of malice clearly demonstrated.

Lastly, Pauley argues that the trial court improperly trebled the jury's verdict. First, he argues that the trebling statute, MCL 600.2907; MSA 27A.2907, does not apply to civil prosecution suits. We disagree.

Even though this statute is over 100 years old, it has seldom been construed by the courts:

"The purpose of the statute seems to be lost in the mists of the past, and for more than a century, the statute seems to have been ignored by the bar and the courts." Plant, *Torts,* 19 Wayne L Rev 703, 751 (1973).

Specifically, the statute states:

"Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any

process or civil or criminal action, or in any other manner prescribed by law, * * * shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; * * *."

Overall, "the purpose of this statute is to permit a person with a valid common-law cause of action to recover treble damages". *Peisner v Detroit Free Press, Inc,* 68 Mich App 360, 366; 242 NW2d 775 (1976). Pauley concedes that this statute allows for a civil cause of action for civil malicious prosecution, *Rowbotham v Detroit Automobile Inter-Ins Exchange,* 69 Mich App 142, 147; 244 NW2d 389 (1976), but argues that the treble damages portion is restricted to criminal malicious prosecution actions.

We have found only two cases which have addressed whether this trebling remedy applies in a civil malicious prosecution suit. In *Rivers v Ex-Cell-O Corp,* 100 Mich App 824; 300 NW2d 420 (1980), this Court ruled that a spouse's suit for loss of consortium will not be trebled pursuant to the statute because the claim was independent from the original claim which formed the basis for the trebling. In *Leeseberg v Builders Plumbing Supply Co,* 6 Mich App 321, 331-332; 149 NW2d 263 (1967), this Court refused to treble damages where a party had maliciously attached the plaintiff's personal property and had padlocked his warehouse, saying:

"This Court is of opinion that where the statute refers to 'any other,' it is referring to any other 'person' and not 'thing.' The above section of the statute therefore applies only to criminal arrest and attachment of a person and does not apply to attachment of personal property as here involved."

However, the present case is not an attachment case, as in *Leeseberg,* but rather a regular civil action for malicious prosecution. We conclude that the purpose behind the statute applies to a civil prosecution as well as to a criminal prosecution, especially since the statutory language does not distinguish between the two in declaring that a trebling damages remedy is available.

Pauley also argues that the holding in *LaLone v Rashid,* 34 Mich App 193; 191 NW2d 98 (1971), *lv den* 386 Mich 756 (1971), was violated. In *LaLone,* this Court held that a plaintiff in a malicious prosecution suit must either submit the issue of exemplary damages to the jury or elect under the malicious prosecution statute to submit only actual damages to the jury and then have the trial court treble the verdict. An election to proceed under the statute must be made *before* the case is submitted to the jury. *LaLone, supra,* p 203.

The Court in *LaLone* used the terms "punitive damages" and "exemplary damages" interchangeably and indeed stated that there was no difference between the two. *LaLone, supra,* p 201. This evidences a misinterpretation of the law of exemplary damages in this state. The Michigan Supreme Court has definitively stated that "exemplary damages are recoverable as compensation to the plaintiff, not as punishment of the defendant". *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980). The purpose of exemplary damages is to supply a remedy for mental injury which is not otherwise recognized in the cause of action. *Veselenak v Smith,* 414 Mich 567; 327 NW2d 261 (1982). However, if the actual damages award includes compensation for mental injury, exemplary damages are impermissible because their allowance would permit the plaintiff a double recovery. *Veselenak, supra.*

We agree with this Court's holding in *Rivers, supra,* that a plaintiff in a malicious prosecution case may recover damages for mental anguish, embarrassment, and humiliation as elements of actual damages flowing from the injury. This type of damages often is the principal injury suffered by a plaintiff in such a case as this. Therefore, in a malicious prosecution case, there can be no award of exemplary damages because such an award would permit the plaintiff to recover twice for his or her mental anguish. See *Zmija v Baron,* 119 Mich App 524; 326 NW2d 908 (1982). The *LaLone* Court's misinterpretation of the function of exemplary damages renders its holding of little precedential value. A plaintiff in a malicious prosecution suit need not elect to submit the question of exemplary damages to the jury or have his or her actual damages trebled under MCL 600.2907; MSA 27A.2907, because exemplary damages are not permissible in a malicious prosecution case.

However, unlike the Court in *Zmija, supra,* we do not conclude that permitting a plaintiff who has recovered damages for mental anguish as part of his or her actual damages in a malicious prosecution case to have the award trebled under MCL 600.2907; MSA 27A.2907 results in enhancing the award with exemplary damages. A close reading of the statute convinces us that its intent is to punish the defendant in a malicious prosecution action, not to compensate the plaintiff. The statute states:

*"Every person who shall,* for vexation and trouble or *maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against,* by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, *shall*

*be liable to the person so arrested, attached or pro-
ceeded against, in treble the amount of the damages
and expenses which, by any verdict, shall be found to
have been sustained and incurred by him; * * *."* (Emphasis added.)

Therefore, a trebling under this statute of an award of actual damages to a plaintiff in a malicious prosecution case does not result in an impermissible double *compensation* recovery for the plaintiff. We find no error in the trial court's judgment.

The judgments in both cases are affirmed. Costs to appellees.