CAMAJ v S S KRESGE COMPANY

Docket No. 72925. Submitted April 2, 1985, at Detroit.—Decided June 18, 1985. Leave to appeal granted, 422 Mich 973.

A jury in the 48th District Court returned a $7,500 verdict for plaintiff, Toma Camaj, in a malicious prosecution action against defendant, S. S. Kresge Company. The trial court trebled the verdict pursuant to MCL 600.2907 and entered a judgment accordingly. Following the denial of its motion for a new trial, defendant appealed to the Oakland Circuit Court. The circuit court, Richard D. Kuhn, J., vacated the judgment and remanded for a new trial or, in the alternative and at plaintiff's option, entry of a judgment in the amount of $7,500. Plaintiff sought and was granted leave to appeal to the Court of Appeals. Defendant cross appealed. *Held:*

1. The intent of the statute providing for the trebling of damages determined by a verdict in a malicious prosecution action is to punish the defendant and not to compensate the plaintiff. A trebling of an award of actual damages to the plaintiff does not result in an impermissible double compensation recovery for the plaintiff.

2. Defendant's arguments that it was denied an impartial jury and that plaintiff failed to prove every element of his claim were found to be without merit.

The judgment of the circuit court is reversed and the judgment for treble damages entered by the district court is reinstated.

1. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES — PUNITIVE DAMAGES.

The statute authorizing the trebling of damages in malicious prosecution actions is intended to punish the defendant rather than compensate the plaintiff (MCL 600.2907; MSA 27A.2907).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 22 Am Jur 2d, Damages § 236 *et seq.*
52 Am Jur 2d, Malicious Prosecution § 93 *et seq.*
Defendant's state of mind necessary or sufficient to warrant award of punitive damages in action for malicious prosecution. 94 ALR3d 791.

2. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES — AC-
   TUAL DAMAGES — EXEMPLARY DAMAGES.

   The statute which directs the trial court in a malicious prosecu-
   tion action to treble the amount of the damages and expenses
   which, by any verdict, shall be found to have been sustained
   and incurred by the plaintiff does not distinguish between
   actual and exemplary damages (MCL 600.2907; MSA 27A.2907).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Wilson, Portnoy & Leader, P.C.* (by *Robert P. Roth*), for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and AL-
LEN, JJ.

BRONSON, P.J. Plaintiff brought suit against S. S.
Kresge Company in the Oakland County Circuit
Court, alleging malicious prosecution, false arrest
and false imprisonment. The case was remanded
to the 48th District Court due to the lack of the
necessary jurisdictional amount.

During trial in district court, plaintiff dropped
his claims for false arrest and false imprisonment,
and the case went to the jury on the malicious
prosecution claim only. The jury returned a ver-
dict for plaintiff in the amount of $7,500, which
the trial court trebled pursuant to MCL 600.2907;
MSA 27A.2907.

Defendant appealed to the Oakland County Cir-
cuit Court and, in an opinion dated February 25,
1983, the court vacated the judgment and re-
manded for a new trial or, in the alternative and
at plaintiff's option, entry of a judgment in the
amount of $7,500. Plaintiff's motion for rehearing
was denied and plaintiff sought leave to appeal to
this Court. Leave to appeal was granted in March,
1984.

Plaintiff argues that the circuit court erred in vacating the judgment for treble damages entered by the district court. The district court trebled the verdict pursuant to MCL 600.2907; MSA 27A.2907 which states:

"Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him * * *."

This issue presents a split of authority among the panels of this Court. Compare *Pauley v Hall,* 124 Mich App 255, 268-270; 335 NW2d 197 (1983), *lv den* 418 Mich 870 (1983); *Rivers v Ex-Cell-O Corp,* 100 Mich App 824, 838-840; 300 NW2d 420 (1980), with *Zmija v Baron,* 119 Mich App 524, 541-544; 326 NW2d 908 (1982); *LaLone v Rashid,* 34 Mich App 193, 199-204; 191 NW2d 98 (1971), *lv den* 386 Mich 756 (1971). See, also, *King v General Motors Corp,* 136 Mich App 301, 305-306; 356 NW2d 626 (1984). In essence, the disagreement centers on the perceived purpose of the statute authorizing treble damages, and whether the statute is intended to compensate plaintiff or punish defendant. *Pauley, supra,* p 269.

In *LaLone, supra,* this Court held that a plaintiff in a malicious prosecution suit must either submit the issue of "exemplary damages" to the jury or elect under the malicious prosecution statute to submit only "actual damages" to the jury and then have the trial court treble the verdict. An election

to proceed under the statute must be made before
the case is submitted to the jury.

Exemplary damages were used to supply a rem-
edy for mental injury not otherwise recognized. As
the Supreme Court stated in *Veselenak v Smith,*
414 Mich 567, 573-574; 327 NW2d 261 (1982):

> "A close reading of the early exemplary damages
> cases also suggests that these unusual damages may
> have been used to supply a remedy for mental injury
> not otherwise recognized. Actual damages compensated
> for economic loss, but not for non-economic loss. In
> addition, the award of actual damages seemed to pre-
> clude the award of additional compensation for non-
> economic loss. *Warren v Cole,* 15 Mich 265 (1867); *Hyatt
> v Adams,* 16 Mich 180 (1867). Assuming actual damages
> were not provable but mental injury certain, exemplary
> damages became available to compensate the injured
> party. *Fay v Swan,* 44 Mich 544; 7 NW 215 (1880).
>
> "As proof of actual damages is no longer a bar to the
> award of exemplary damages, so too actual damages,
> where properly pled, now include compensation for
> shame, mortification, mental pain and anxiety, *Beath v
> Rapid R Co,* 119 Mich 512; 78 NW 537 (1899), and for
> annoyance, discomfiture, and humiliation, *Grenawalt v
> Nyhuis,* 335 Mich 76; 55 NW2d 736 (1952). In short,
> *actual damages now include compensation for mental
> distress and anguish."* (Footnote omitted; emphasis
> added.)

As actual damages now include compensation
for what was formerly available only as exemplary
damages, those cases which hold that MCL
600.2907; MSA 27A.2907 is intended only to com-
pensate the plaintiff view trebling the damages as
impermissible double recovery. As stated by for-
mer Judge BASHARA in his dissenting opinion in
*Rivers, supra,* pp 842-843, and adopted by the
Court in *Zmija, supra,* p 543:

> " 'By allowing a trebling of the jury verdicts pursuant

to the statute, two enhancements of the damages awards would be permitted plaintiffs on what, in effect, is the same policy consideration. The jury would be allowed to enhance the verdict based on the vague concept of injured feelings due to defendant's outrageous conduct. Plaintiffs would also receive a second enhancement pursuant to the statute which presumably expresses the legislative determination that a defendant should be punished for its outrageous conduct in a malicious prosecution action. Damages should bear some relationship to the harm actually committed and not be totally arbitrary, even where defendant has engaged in the most vile type of conduct.' "

The opposite view, as expressed in *Pauley, supra,* pp 269-270, regards the statute as intending to punish defendant's malicious conduct. As expressed by Judge (now Justice) M. F. CAVANAGH:

"However, unlike the Court in *Zmija, supra,* we do not conclude that permitting a plaintiff who has recovered damages for mental anguish as part of his or her actual damages in a malicious prosecution case to have the award trebled under MCL 600.2907; MSA 27A.2907 results in enhancing the award with exemplary damages. A close reading of the statute convinces us that its intent is to punish the defendant in a malicious prosecution action, not to compensate the plaintiff. * * *

* * *

"Therefore, a trebling under this statute of an award of actual damages to a plaintiff in a malicious prosecution case does not result in an impermissible double *compensation* recovery for the plaintiff." (Emphasis in original.)

We believe that the view expressed in *Pauley, supra,* is correct, and, therefore, we reverse the judgment of the circuit court and reinstate the judgment entered by the district court. The plain language of the statute refers to the defendant's liability in a ma-

licious prosecution suit and does not refer to plaintiff's compensation. Further, the statute does not distinguish between actual and exemplary damages, and merely directs the court to "treble the amount of the *damages* and expenses which, by *any* verdict, shall be found to have been sustained and incurred". (Emphasis added.) In addition, we recognize that mental anguish, humiliation and embarrassment are the principal injuries suffered by a plaintiff in a malicious prosecution suit. It is the very rare malicious prosecution claim which includes the physically manifested injuries common to most personal injury suits. If, as former Judge BASHARA claimed, the only award which may be trebled is an award which is completely devoid of mental anguish damages, we do not believe this would be adequate compensation. If there are no physical injuries, the jury could not award any damages. A negligible jury award, even one that is trebled according to the statute, remains negligible. Even were we to agree that the primary purpose of the statute is to compensate, such a narrow view of what damages may be submitted to the jury would defeat the statute's compensatory purpose.

Defendant cross appeals, arguing that it was denied an impartial jury and that plaintiff failed to prove every element of his claim. We have thoroughly reviewed all of defendant's arguments and believe them to be without merit.

The judgment of the circuit court is reversed and the judgment for treble damages entered by the district court is reinstated.