■ BERNARD FISCHER, Respondent, v GRACE S. MALONEY et al., Appellants, et al., Defendant.—In an action to recover damages for violation of sections 70 and 71 of the Civil Rights Law (the first cause of action) and for the intentional infliction of mental or emotional distress (the second cause of action), the appeal is from an order of the Supreme Court, Queens County, dated August 3, 1976, which denied appellants' motion for summary judgment. Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "as to the second cause of action but is granted as to the first cause of action, which is hereby severed". As so modified, order affirmed, with $50 costs and disbursements to appellants. On June 25, 1975 a defamation action against the plaintiff herein, brought in the name of Southridge Cooperative Section 2, Inc., was dismissed for failure to state a cause of action on behalf of that corporate plaintiff. Appellants are members of the co-operative's board of directors. Since the action was commenced by the president of the co-operative, plaintiff cannot claim that the suit was commenced by appellants without the co-operative's consent (see *West View Hills v Lizau Realty Corp.,* 6 NY2d 344). Accordingly, sections 70 and 71 of the Civil Rights Law were not violated. The second cause of action, for the intentional infliction of mental or emotional distress based upon the defamation action, presents questions of fact which can only be resolved after a trial (see *Battalla v State of New York,* 10 NY2d 237; *Halio v Lurie,* 15 AD2d 62). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ MICHAEL FORTE, Appellant, v LONG ISLAND SAVINGS BANK, Respondent. (Action No. 1.) MICHAEL FORTE, Appellant, v LONG ISLAND SAVINGS BANK et al., Respondent. (Action No. 2.)—In consolidated actions, one, *inter alia,* to declare that plaintiff's mortgage has priority over defendant's mortgage (Action No. 1), and the other to recover damages for breach of contract (Action No. 2), plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered May 3, 1976, which, after a nonjury trial, *inter alia* (1) declared that he has no claim to the proceeds of a certain foreclosure sale and (2) dismissed the complaint in Action No. 2. Judgment affirmed, with costs, on the opinion of Mr. Justice Pittoni at Special Term. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.