ABDUL-MUJEEB v SEARS ROEBUCK & CO, INC

Docket No. 85547. Submitted March 20, 1986, at Detroit. Decided July 10, 1986. Leave to appeal denied, 428 Mich 862.

Numan Abdul-Mujeeb and Johnnie Kamillar Abdul-Mujeeb brought an action against Sears Roebuck and Co, Inc., and others in the Wayne Circuit Court, alleging among other things assault and battery and malicious prosecution. The jury awarded Numan a verdict for $75,000 on the assault and battery charge and $200,000 for malicious prosecution, which was trebled pursuant to statute. Johnnie was awarded $5,000 for loss of consortium, resulting in a total judgment of $680,000 against the defendants. Defendants appeal.

The Court of Appeals *held:*

1. The court did not err in refusing to grant a directed verdict on the malicious prosecution charge.

2. The trial court was required, as part of the jury instructions on malicious prosecution, to instruct on the elements of probable cause and malice. The trial court's instructions on these elements were inadequate.

Reversed and remanded with instructions.

1. MALICIOUS PROSECUTION — TORTS.

The elements which establish malicious prosecution include: (1) the defendant instituted a prior legal action against the plaintiff, (2) the prior action was terminated in favor of the plaintiff, (3) the defendant lacked probable cause to bring the prior action, (4) the defendant acted maliciously in bringing the prior action, and (5) the plaintiff suffered special injury (SJI2d 117.01).

2. MALICIOUS PROSECUTION — PROBABLE CAUSE.

Probable cause for the purpose of a defense in an action for malicious prosecution exists where there was a reasonable ground of suspicion which was supported by circumstances

REFERENCES

Am Jur 2d, Malicious Prosecution §§ 6 *et seq.*, 93 *et seq.*

Am Jur 2d, Trial §§ 573 *et seq.*

Probable cause or want thereof, in malicious prosecution action, as question of law for court or of fact for jury. 87 ALR2d 183.

which were sufficiently strong in themselves to warrant an ordinarily cautious man to believe that the person arrested was guilty of the offense charged; whether or not probable cause exists is to be measured by the facts as they existed at the time the prosecution was commenced.

3. Appeal — Jury Instructions.

A judgment must be reversed where the jury was improperly instructed or not instructed at all on an essential element of a cause of action.

4. Malicious Prosecution — Damages — Treble Damages — Punitive Damages.

Treble damages in a malicious prosecution case are not automatic, but only apply as to actual damages where the jury is instructed not to find any punitive damages; if the plaintiff elects to have the jury find punitive damages, he must do so prior to trial.

*Raymond E. Willis, P.C.* (by *Rayomnd E. Willis*), for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Kathleen McCree Lewis, Charles C. DeWitt* and *Suzanne Sahakian*), for defendants.

Before: R. M. Maher, P.J., and Cynar and T. Gillespie,* JJ.

Per Curiam. Plaintiff Numan Abdul-Mujeeb was arrested September 6, 1979, at the Sears Roebuck and Co. store in Highland Park. The complaint against Sears and several of its employees alleges false arrest, assault and battery, false imprisonment and malicious prosecution. Prior to trial the complaint was voluntarily dismissed as to all employees except James Edward Hunt, a security officer. Sears and Hunt were consequently the defendants at trial. At the trial in March, 1985, the jury awarded plaintiff a verdict for $75,000 on the assault and battery charge and $200,000 for

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

malicious prosecution, which was trebled pursuant to statute. Plaintiff's wife was awarded $5,000 for loss of consortium, resulting in a total judgment of $680,000 against the defendants. Defendants appeal the judgment for malicious prosecution. We reverse and remand for new trial.

The facts on which this action is based are that on September 6, 1979, the plaintiff went to the Highland Park Sears store to pick up two pairs of jeans that he had previously ordered from the catalog department. He paid for the jeans with a personal check for which he received a receipt on which was printed his name and address, the catalog numbers, the price and description of the jeans and a notation that the jeans had been paid for by check. The plaintiff then asked where he could try on the jeans and was referred to the fitting room in the men's department upstairs on the first floor. He went to that room and tried on the jeans. When he exited he was observed by Katrina Griffin, a security guard, stuffing the jeans into a bag. Griffin, after observing defendant pass three cash registers, approached plaintiff and asked if he had a receipt for the merchandise. At that point there is a dichotomy in the testimony. The guard's version is that plaintiff replied, "Forget it baby," and ran down the escalator. The plaintiff's version is that the guard merely said, "Hi," and asked him what he had in the bag to which he replied, "I have my pants." Griffin called for assistance and several guards, including defendant Hunt, responded. They found plaintiff in a restroom in the basement. According to Hunt, the plaintiff was asked if they could look into the bag and if he had a receipt for the merchandise. Plaintiff did not respond so they asked him to accompany them to the security office. The plaintiff testified that he was asked what he had in the bag.

He replied, "I have my pants," and he asked to go the personnel office. He was escorted to the security office. There was an altercation at the door of the office in which plaintiff grabbed the sides of the door and refused to enter. The guards' testimony was that they released his hands and then escorted plaintiff into the office and he was seated in a chair. An attempt was made to identify him. He refused to answer. The guards again asked for a receipt and plaintiff again refused to respond. Plaintiff claims that he was thrown to the floor by Hunt and handcuffed. He also claims to have given his name and driver's license.

The Highland Park police were called and plaintiff was taken to the police department where he talked to a Detective Jackson. He did not tell Jackson about the receipt. He was booked and held overnight. A friend and plaintiff's wife posted bond the next morning and obtained an attorney to whom plaintiff displayed the receipt admittedly for the first time after he received it. The receipt was also produced at the district court hearing and the charge was dismissed.

Two issues are raised on appeal. The first is that the trial court erred in refusing to grant a motion for a directed verdict for the defense. The basis for the motion was that the plaintiff had failed to prove that the defendant lacked probable cause to commence the prior action, which is an element of the tort of malicious prosecution. The second issue on appeal is that the trial court erred in failing to give requested instructions on probable cause and malice to the jury.

We will address the two issues in that sequence.

The first issue revolves around the complaint filed on behalf of Sears by Katrina Griffin, a security guard.

The defendants set forth a series of facts which

indicated suspicious circumstances that occurred at the store which they maintain gave probable cause for the plaintiff's arrest at the commencement of the proceedings.

The plaintiff maintains that the proceedings in the 30th District Court were commenced by a complaint signed by Sears security guard Katrina Griffin, which stated in part as follows:

> [That Numan Abdul-Mujeeb did] disorderly engage in fraudulent scheme, device or trick to obtain valuable articles belonging to another. To-wit: In that the defendant did remove from display several pairs of mens slacks, placed same in a paper bag and attempted to leave the premises without paying for same.

It is plaintiff's position that Griffin swore to and signed the complaint which was false as she had never seen the plaintiff remove the pants from the display. He then rationalizes that this fact establishes lack of probable cause for the prosecution as a matter of law. *LaLone v Rashid,* 34 Mich App 193; 191 NW2d 98 (1971), lv den 386 Mich 756 (1971).

The defense replies that Katrina Griffin's written report to the Highland Park police was accurate and therefore probable cause was established.

The defense relies on the rule that, if the prosecuting witness has in good faith stated all the material facts to the prosecutor or his or her own attorney and acted on the advice received, the proof of such action is deemed to satisfy the requirement for probable cause as a defense. *Swaney v John Schlaff Creamery Co,* 212 Mich 567, 569-570; 180 NW 599 (1920); *Pauley v Hall,* 124 Mich App 255, 265; 335 NW2d 197 (1983), lv den 418 Mich 870 (1983).

When the defendants made the motion for directed verdict, the probable cause issue was unclear. The court was required to view the evidence in the light most favorable to the plaintiff. If viewed in that light, reasonable minds might differ as to whether probable cause existed for plaintiff's arrest. The court was bound to present the matter to the jury and it did not err by so doing. *Taylor v Wyeth Laboratories, Inc,* 139 Mich App 389; 362 NW2d 293 (1984), lv den 423 Mich 852 (1985); *Hall v Citizens Ins Co of America,* 141 Mich App 676; 368 NW2d 250 (1985).

As to the second issue on appeal, namely, that the court erred in refusing to give the requested instructions on probable cause and malice as elements of the tort of malicious prosecution, we find it mandatory that an instruction be given on probable cause and malice which are elements of the tort.

The elements of the tort of malicious prosecution by bringing a criminal prosecution are listed in SJI2d 117.01 as follows:

   a. a prosecution caused or continued by one person against another
   b. termination of the proceeding in favor of the person who was prosecuted
   c. absence of probable cause for initiating or continuing the proceeding
   d. initiating or continuing the proceeding with malice or a primary purpose other than that of bringing the offender to justice.

The defense request was for an instruction on probable cause as follows:

   I charge you ladies and gentlemen of the jury, that probable cause means a reasonable ground of

suspicion supported by circumstances which would satisfy a cautious man.

The defense supported such proposed instruction by citing *Hammitt v Straley,* 338 Mich 587; 61 NW2d 641 (1953).

The requested instruction did not correctly define the element of probable cause as it paraphrases the *Hammitt* definition and truncated it by failing to tell the jury what a cautious man should be satisfied about.

The correct definition was discussed and quoted by a panel of this Court in *Koski v Vohs,* 137 Mich App 491, 514; 358 NW2d 620 (1984), lv gtd 422 Mich 936 (1985). That panel stated:

> In Michigan, probable cause in malicious prosecution is defined as follows:
>
> "To constitute probable cause, there must be such reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious man in the belief that the person arrested is guilty of the offense charged."
>
> Whether or not probable cause exists is measured as of the time prosecution is commenced.

The judge was within his discretion to refuse to give the requested instructions as they were incomplete and confusing.

However, we find upon reviewing the instructions as a whole that the jury was without guidance as to the definition of probable cause and had scant explanation of the meaning of malice.

The lack of these instructions may well have affected the outcome of the trial. If a jury arrives at a verdict because it was improperly instructed, or not instructed at all, on an essential element of a cause of action, the judgment must be reversed.

*Getman v Mathews,* 125 Mich App 245, 248; 335 NW2d 671 (1983); *Richman v City of Berkley,* 84 Mich App 258, 264; 269 NW2d 555 (1978), lv den 405 Mich 804 (1979); *Rouse v Gross,* 357 Mich 475; 98 NW2d 562 (1959).

Upon remand it should be noted that treble damages under MCL 600.2907; MSA 27A.2907 are not automatic, but only apply as to actual damages when the jury is instructed not to find any punitive damages. If the plaintiff elects to have the jury find punitive damages, he must do so prior to trial. *LaLone v Rashid, supra.*

Reversed and remanded for new trial.