CAMAJ v S S KRESGE COMPANY

Docket No. 76703. Argued March 6, 1986 (Calendar No. 17). Decided October 7, 1986.

Toma Camaj brought an action in the 48th District Court against the S. S. Kresge Company for malicious prosecution, following the dropping of charges of larceny in a building brought against him by Kresge. The jury awarded damages, including exemplary damages. The court, Gus Cifelli, J., trebled the award of damages under § 2907 of the Revised Judicature Act. The Oakland Circuit Court, Richard D. Kuhn, J., ordered vacation of the judgment or, at the option of the plaintiff, entry of the original award. The Court of Appeals, BRONSON, P.J., and J. H. GILLIS and ALLEN, JJ., reversed and reinstated the judgment of treble damages, and certified conflict with *Zmija v Baron,* 119 Mich App 524 (1982) (Docket No. 72925). The defendant appeals.

In an opinion by Justice BOYLE, joined by Chief Justice WILLIAMS and Justices BRICKLEY, CAVANAGH, and RILEY, the Supreme Court *held:*

An award of treble damages for malicious prosecution under § 2907 of the Revised Judicature Act may be had only in actions in which a party brings suit against a person who had instituted proceedings against that party in the name of another, without the named person's consent, or where no such person is known. This type of malicious prosecution was not shown in this case.

Because this interpretation of § 2907 is new, it is to apply prospectively only to this case and to all cases in which no final decision has been reached in the trial courts before October 7, 1986.

Justice LEVIN, concurring, stated that the question whether a new construction of a statute should be given prospective effect

REFERENCES

Am Jur 2d, Malicious Prosecution, § 104 *et seq.*

Liability of perpetrator of crime for damages to innocent persons subjected to prosecution for the commission of such crime. 40 ALR3d 1005.

is separate from whether it should be so construed and should not be decided without briefing and advocacy.

Reversed.

Justice ARCHER, concurring in part and dissenting in part, stated that most, if not all, cases underlying actions for malicious prosecution are criminal and thus are always brought in the name of another, i.e., the people. In this case, the underlying criminal action was also brought without the consent of the people in that the prosecutor was not fully and truthfully informed by S. S. Kresge of all pertinent facts, and therefore S. S. Kresge or its agents, and not the prosecutor, was the initiator of the criminal prosecution and the proper defendant in the civil action. It follows, then, that the plaintiff, who was injured by the egregious conduct of S. S. Kresge is entitled to treble damages.

143 Mich App 604; 372 NW2d 359 (1985) reversed.

OPINION OF THE COURT

1. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES.

An award of treble damages for malicious prosecution under § 2907 of the Revised Judicature Act may be had only in actions in which a party brings suit against a person who had instituted proceedings against that party in another's name, without the named person's consent, or where no such person is known (MCL 600.2907; MSA 27A.2907).

OPINION CONCURRING IN PART AND DISSENTING IN PART BY ARCHER, J.

2. MALICIOUS PROSECUTION — TREBLE DAMAGES.

*Where an action underlying an action for malicious prosecution was brought by a prosecutor in the name of the people without a knowing, intelligent, and informed decision, free from false assertions by the giver of information, there was no consent on the part of the people, and the plaintiff should be entitled to recover treble damages (MCL 600.2907; MSA 27A.2907).*

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for the plaintiff.

*Wilson, Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Robert P. Roth*), for the defendant.

BOYLE, J. We are asked to decide in this case whether the trebling of damages, pursuant to MCL

600.2907; MSA 27A.2907, is proper in a civil action for malicious prosecution when the jury verdict includes an award for exemplary damages. The Court of Appeals has certified a conflict between its decision in this case (affirming the lower court's trebling of the jury verdict) and its decision in *Zmija v Baron,* 119 Mich App 524; 326 NW2d 908 (1982) (requiring the plaintiff to elect either to have the jury consider exemplary damages or to treble the jury verdict pursuant to the statute). Because we find that § 2907 only applies to a particular type of malicious prosecution not in evidence in this case, we reverse the decision of the Court of Appeals and affirm the judgment of the Oakland Circuit Court.

Plaintiff Toma Camaj began the instant suit after an incident in which he was apprehended leaving a K mart store and accused by the security guard of trying to steal the sportcoat he was wearing. Plaintiff was detained until the police arrived and then released, but was later charged with larceny from a building. Mr. Camaj refused an offer to plead guilty to a lesser charge and the prosecution was continued. The charge was eventually dismissed when the security guard, after repeated attempts by both the prosecutor and defense counsel to force her appearance, failed to appear for trial.

After the charges were dropped, Mr. Camaj began this action against S. S. Kresge Company for malicious prosecution. The case was heard in the 48th District Court, where a jury verdict of $7,500 was returned for the plaintiff, which was trebled by the court pursuant to § 2907. The plaintiff had requested the trebling before the jury was instructed that they could return a verdict which included damages for mental anguish, humiliation, degradation, mortification, and loss of social enjoy-

ment and pleasure, as well as for out-of-pocket expenses.

Defendant appealed in the Oakland Circuit Court, which ordered a vacation of the judgment or, at the plaintiff's option, entry of a judgment in the amount of $7,500. The Court of Appeals granted plaintiff leave to appeal and subsequently reversed the decision of the circuit court and reinstated the trebled judgment. We granted leave to appeal to resolve the conflict in the Court of Appeals as to the correct application of § 2907.

After oral arguments and further consideration, this Court directed the parties to file supplemental briefs on the question whether or not § 2907 was intended to apply to all malicious prosecution actions or only to those in which a suit or proceeding had been fraudulently filed under another's name.[1] Supplemental briefs were filed by both parties.

Section 2907 was first enacted by the Legislature in 1846. It currently reads:

> Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed by law, to

---

[1] Specifically, the Court's order directed:

It appears to the Court that it is necessary to a decision in this case to resolve the issue of whether MCL 600.2907; MSA 27A.2907 applies to all malicious prosecution actions or just to a particular type, that is, where the original proceeding or suit had been brought, by the defendant in the malicious prosecution case, in another person's name "without the consent of such person, or when there is no such person known." IT IS THEREFORE ORDERED that the parties shall submit to the Court supplemental briefs on this issue within 45 days of the date of this order. The parties are advised, for further direction, to consult New York Civil Rights Laws §§ 70 and 71 which appear to be parallel provisions to the Michigan statute.

answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be deemed guilty of a misdemeanor, punishable on conviction by imprisonment in the county jail for a term not exceeding 6 months.

The current version reflects some changes from the version originally enacted:

Every person who shall, for vexation and trouble, or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or proceeding at law, or in equity, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person, so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of two hundred dollars damages, and shall be deemed guilty of a misdemeanor, punishable, on conviction, by imprisonment in the county jail for a term not exceeding six months.

It is obvious from the language of § 2907, especially the phrases "without the consent of such person, or where there is no such person known," "shall be liable to the person in whose name such arrest or proceeding was had," and "shall be deemed guilty of a misdemeanor" that this statute was intended to provide, at least in part, a remedy

for a particularly egregious type of malicious prosecution.[2]

Malicious prosecution actions generally have their basis in early common law. Originally the Anglo-Saxon courts fixed a monetary penalty which was paid to the opponent when a plaintiff was found to have brought a false suit. This later was changed to a system which assessed penalties for false suits which were paid to the court.

Courts were unable, however, to assess penalties against a person who brought a false suit in the name of another. Often, this involved a lord who would falsely sue in the name of a propertyless freeman, against whom penalties were not collectable. In response to these "straw-party" suits (as they were known), the English legal system formulated the writ of conspiracy. As one commentator noted:

> Unlike its modern descendants, conspiracy took aim not at all malicious suits, nor even at those causing special hardships, but solely at straw-party actions. The writ granted wronged defendants limited rights to sue those who procured third parties to instigate groundless actions, but granted no remedy against an individual plaintiff who sued without ground. Moreover, the writ required not only a showing that false claims had been made in court but also a further showing of malice: the subsequent sanction was limited to the most egregious of groundless actions, and did not extend, as

[2] It must be noted that it is only recently that § 2907 has been proposed in malicious prosecution actions. As one commentator noted,

The purpose of the statute seems to be lost in the mists of the past, and for more than a century, the statute seems to have been ignored by the bar and the courts. [Plant, Torts, 19 Wayne L R 703, 751 (1973).]

did amercement, to simple false suits.[3] [Note, *Groundless litigation and the malicious prosecution debate: A historical analysis,* 88 Yale L J 1218, 1224-1225 (1979).]

Although this type of suit is no longer as prevalent, the remedy for "straw-party" suits is still in evidence in laws such as the New York Civil Rights Laws, §§ 70 and 71 which provide:

> If a person vexatiously or maliciously, in the name of another but without the latter's consent, or in the name of an unknown person, commences or continues, or causes to be commenced or continued, an action or special proceeding, in a court, of record or not of record, or a special proceeding before a judge or a justice of the peace; or takes, or causes to be taken, any proceeding, in the course of an action or special proceeding in such a court, or before such an officer, either before or after judgment or other final determination; an action to recover damages therefor may be maintained against him by the adverse party to the action or special proceeding; and a like action may be maintained by the person, if any, whose name was thus used. He is also guilty of a misdemeanor, punishable by imprisonment not exceeding six months. [NY Civ Rights Law, § 70 (McKinney, 1976).]
>
> In an action, brought by the adverse party, as prescribed in the last section, the plaintiff, if he recovers final judgment, is entitled to recover treble damages. In an action, brought by the person whose name was used, as prescribed in the last section, the plaintiff is entitled to recover his actual damages, and two hundred and fifty dollars in addition thereto. [NY Civ Rights Law, § 71 (McKinney, 1976).]

Section 2907 appears, in phraseology, to resem-

---

[3] Courts later expanded the use of action on the case in the nature of conspiracy to allow an assessment of damages against those filing false suits in their own name when the taxing of costs to the court was inadequate to compensate for the damages to the wronged party.

ble these New York statutes and to be aimed at remedying the same type of situation.[4] Plaintiff, in fact, concedes that § 2907 does cover "straw-party" suits, but urges this Court to read the statute as applicable both to suits fraudulently filed in the name of another and to ordinary malicious prosecution actions. As plaintiff argues:

> The statute's language on its face provides for a cause of action and treble damages against "every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action." That first phrase is complete in and of itself and is not modified by or conditioned upon the subsequent language "OR in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known."

We decline to read the statute in such a convoluted manner. Were we to accept plaintiff's argument, suits against those who fraudulently brought suit in the name of another could only be brought if the party in the underlying action had proceeded in *other* than a civil or criminal action. This clearly cannot be a correct reading of the statute.

---

[4] In the early years of statehood, Michigan adopted many of New York's laws. One historian noted:

> A high percentage of the state's settlers had come from New York, and they sought to reproduce the economy of relative abundance that was rapidly emerging in the western part of their native state. A major ingredient in Michigan's development strategy, therefore, was an almost slavish borrowing of New York's statutory and constitutional laws . . . . [Seavoy, "Borrowed Laws to Speed Development: Michigan, 1835-1863," 59 *Michigan History* 39, 40 (Michigan Department of State [Spring-Summer, 1975]).]

The words "by any process or civil or criminal action, or in any other manner prescribed by law" logically must be viewed as one phrase modifying the words "arrested, attached, or in any way proceeded against." Therefore, in order to make proper sense of § 2907, it must be read as applying only to "[e]very person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against . . . to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known . . . ."[5]

This Court is further persuaded that § 2907 was intended as a paranormal remedy for a particular type of malicious prosecution action by evidence that early courts routinely applied a different standard for damages in "straw-party" suits. In fact, "[i]n *Savile v Roberts* [1 Ld Raym 374; 91 Eng Rep 1147 (1698)], Lord Holt organized the kinds of damages previously recognized in actions on the case in the nature of conspiracy into two categories, one of particular or 'special' damage, the other of straw-party suits." Note, *supra,* p 1228.

Lastly, it must also be noted that the original statute, as organized in the Revised Statutes of 1846, included a marginal notation which clearly delineates this statute as dealing with "Suing &c., in name of another." While headings are normally not to be used as a conclusive proof of the purpose of a statute, in the absence of any other evidence of legislative intent, we find this expression of the understanding in 1846 as additionally persuasive.

In light of the foregoing evidence and in view of

---

[5] We further note that the two other sanctions in § 2907 can only apply in a malicious action involving a straw-party suit. The $200 to be paid "to the person in whose name such arrest or proceeding was had" and the imposition of a misdemeanor status and a possible jail sentence are additional intrinsic evidence of the proper focus of this statute.

the longstanding disfavor of punishment-type damages in this state, *Peisner v Detroit Free Press,* 421 Mich 125; 364 NW2d 600 (1984); *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 259 NW2d 50 (1980); *McChesney v Wilson,* 132 Mich 252; 93 NW 627 (1903), we are persuaded that the Legislature intended a narrow focus in this statute which allows for an increased amount of damages beyond that awarded by the jury. We, therefore, hold that § 2907 is intended only to reach those actions in which a party brings suit against a person who had instituted proceedings against the current plaintiff in the name of another, without the named person's consent, or where there is no such person known.[6]

Plaintiff further contends, however, that even if this Court finds that § 2907 only applies to remedy fraudulently filed "straw-party" suits, he will still be entitled to treble damages because the suit in his case was brought in the name of the people. We reject this argument. Were we to so find, we would be turning virtually every malicious prosecution action filed because of criminal proceedings into a "straw-party" suit. We are not persuaded that this was the intent of the Legislature in enacting § 2907 and find that the Court of Appeals has incorrectly applied the statute in this case.

Finally, we acknowledge that this decision sets forth a totally new interpretation of § 2907 which has, heretofore, not been advanced by any appel-

---

[6] Our analysis of this statute compels this result, despite defendant's concession in its supplemental brief that § 2907 covers all malicious prosecution actions. This Court is not bound by the defendant's interpretation of the case and may consider and analyze the facts and issues independent of such concession. We agree with the United States Supreme Court in *Sibron v New York,* 392 US 40, 58-59; 88 S Ct 1889; 20 L Ed 2d 917 (1968), that our judgments are precedents which " 'cannot be left mainly to the stipulation of the parties.' " For us to accept a view blindly, would be "an abdication of our obligation to lower courts . . . ."

late court in this state. Therefore, in the interest of justice and fairness, we hold that this decision shall have prospective effect only, applicable solely to the instant case and to all cases in which no final decision has been reached in the trial courts before October 7, 1986, the date of the filing of this opinion. *Tebo v Havlik,* 418 Mich 350; 343 NW2d 181 (1984).

Reversed.

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, and RILEY, JJ., concurred with BOYLE, J.

LEVIN, J. I concur in the opinion of the Court except the final paragraph.

The question whether a new construction of a statute should be given prospective effect is a separate question from whether the statute should be so construed. There has been no briefing or advocacy on whether the new construction should be given prospective effect. That question should not be decided without briefing and advocacy.

ARCHER, J. *(concurring in part and dissenting in part).* I agree with the majority's conclusion that in an action for malicious prosecution, the underlying action must have been brought "in the name of another" and "without the consent of such person" in order to fall within the provisions of § 2907. The history of MCL 600.2907; MSA 27A.2907 and similar statutes in other jurisdictions involving remedies for such "straw-party" suits, support this conclusion. I also agree that § 2907 was intended to provide a remedy for a particularly egregious type of malicious prosecution.

However, I disagree with the majority's conclusion with respect to suits brought in the name of

the People of the State of Michigan. Plaintiff contends that he is still entitled to treble damages because the underlying criminal suit in his case was brought in the name of another, i.e., the people. The majority rejects this argument, stating that to do so would turn virtually "every malicious prosecution action filed because of criminal proceedings into a 'straw-party' suit." On the other hand, not to do so, on the basis of such reasoning, would bar every plaintiff in a malicious prosecution action from ever being awarded treble damages, no matter how egregious the defendant's conduct because most, if not all, cases underlying malicious prosecution cases are criminal and are therefore always brought by the people.

Interpretation of the "in the name of another" and "without the consent of such person" language when applying § 2907 is of first impression. Cases interpreting statutes similar to § 2907 have dealt with defamation actions which are rarely, if ever, brought in the name of another. Even where the defamation actions were brought in the name of another, the issue of "consent" determined the outcome of the action.[1]

In the instant case, the underlying criminal action was brought in the name of another, to wit: the People of the State of Michigan. It was also

---

[1] See *Fischer v Maloney*, 56 AD2d 884; 392 NYS2d 666 (1977). In *Fischer*, the president of a coöperative corporation unsuccessfully pursued a defamation action against the plaintiff, Mr. Fischer. Subsequently, Mr. Fischer sued Mr. Maloney, the president, and the members of the board of directors of the coöperative for violation of § 70 of the Civil Rights Laws (the New York statute similar to § 2907) regarding vexatious suits brought in the name of another without permission. The court dismissed plaintiff's action against the members of the board of directors.

In affirming the trial court, the appellate court held that since the previous action was commenced by the president of the coöperative, the plaintiff could not now claim that the suit was commenced *without* the coöperative's consent. As such, it could not violate the statute.

brought without the consent of the people because the prosecutor was not fully and truthfully informed by S. S. Kresge of all pertinent facts.[2] Since S. S. Kresge or agents of S. S. Kresge informed the prosecutor by making false statements, S. S. Kresge or its agents, and not the prosecutor, was the initiator of the criminal prosecution and the proper defendant in the civil action for malicious prosecution. See *Renda v Int'l Union, UAW,* 366 Mich 58; 114 NW2d 343 (1962). This principle is also stated in 3 Restatement Torts, § 653, and quoted in *Renda, supra* at 83.

> The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.
> *If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information.* [Emphasis added.]

It follows, therefore, that plaintiffs who have been injured by egregious conduct of defendants for malicious prosecution are entitled to treble damages under MCL 600.2907; MSA 27A.2907. I am persuaded that this was the intent of the Legislature. If the underlying action in the malicious prosecution action was brought by the people, the question then becomes whether the action

---

[2] There was evidence that a K mart security guard refused to confront plaintiff Camaj and testify after plaintiff would not accept a plea and probation at the preliminary examination. There was also a conflict between the security guard's testimony and that of another K mart employee regarding plaintiff's possession of the allegedly stolen sports coat. Defendant Kresge also failed to produce the sports coat for inspection, before the trial, even though ordered by the court to do so. Additionally, three of plaintiff's witnesses testified that the security guard's version of the store incident was false.

was brought with the "consent" of the people. "Consent" will generally mean that the decision on the part of the prosecutor was a knowing, intelligent, and informed decision, free of false assertions by the giver of information. If it is determined there was consent on the part of the people, then the plaintiff will be barred. If no consent is found, then the plaintiff's case will stand. Using this method would allow treble damages, without "turning virtually every malicious prosecution action filed because of criminal proceedings into a 'straw party' suit."