SANDERS v WESTIN HOTEL, INC

Docket No. 99539. Submitted March 10, 1988, at Detroit. Decided July 22, 1988.

Elbert and Shirley Sanders brought an action in the Wayne Circuit Court against Westin Hotel, Inc., doing business as DJ's, Inc., also known as Dee Jays Lounge, Ren Cen Phase One, and several others. Plaintiffs alleged malicious prosecution, assault and battery, and false imprisonment. On September 25, 1986, a jury rendered a verdict in favor of plaintiffs on their malicious prosecution claims. The trial court, Thomas J. Brennan, J., pursuant to § 2907 of the Revised Judicature Act, trebled the award of damages for malicious prosecution in entering its judgment on October 24, 1986. However, the trial court subsequently vacated the award of treble damages, concluding that such award was precluded by the Supreme Court's October 7, 1986, decision in *Camaj v SS Kresge Co,* 426 Mich 281. In *Camaj,* the Supreme Court, giving a new interpretation of § 2907, held that treble damages for malicious prosecution may be had only in actions in which a party brings suit against a person who had instituted proceedings against that party in another's name, without the named person's consent, or where no such person is known. The Supreme Court also held that its decision applied to the *Camaj* case and to all cases in which no final decision has been reached in the trial courts before October 7, 1986. Plaintiffs appealed. Defendants cross-appealed on other issues.

The Court of Appeals *held:*

1. The *Camaj* decision does not apply in this case where final decision was reached before October 7, 1986, when the jury returned its verdict on September 25, 1986. Thus, treble damages were properly available to plaintiffs and the court erred in vacating plaintiffs' treble damage award.

2. Defendants' claim that remarks made at closing argument

REFERENCES

Am Jur 2d, Damages §§ 813 *et seq.*

Am Jur 2d, Malicious Prosecution §§ 93 *et seq.*

Am Jur 2d, Trial §§ 469 *et seq.*

Excessiveness or inadequacy of compensatory damages for malicious prosecution. 50 ALR4th 843.

by counsel for plaintiffs deprived defendants of a fair trial is without merit.

3. The trial court did not abuse its discretion in refusing to admit evidence of an injury report filed by one of the defendants. The existence of the report was not disclosed beforehand to plaintiff's counsel, and the report was inadmissible hearsay.

4. The trial court did not err in denying defendants' motion for a directed verdict on plaintiff Shirley Sanders' claims of malicious prosecution and false imprisonment. Contrary to defendants' argument, support from the evidence could be found for plaintiff Shirley Sanders' claim that defendants lacked probable cause to prosecute her for assault and battery.

Affirmed in part, reversed in part, and remanded for reinstatement of treble damages.

1. MALICIOUS PROSECUTION — DAMAGES — TREBLE DAMAGES.

An award of treble damages for malicious prosecution may be had only in actions in which a party brings suit against a person who had instituted proceedings against that party in another's name, without the named person's consent, or where no such person is known; such damages are available in actions in which no final decision has been reached in the trial courts before October 7, 1986 (MCL 600.2907; MSA 27A.2907).

2. EVIDENCE — ADMISSIBILITY.

The admissibility of evidence is within the trial judge's discretion.

3. MOTIONS AND ORDERS — DIRECTED VERDICT.

A trial court, in considering a motion for a directed verdict, must view the testimony in a light most favorable to the nonmoving party; if the evidence establishes a prima facie case, the motion must be denied; stated differently, a motion for a directed verdict should be denied when the facts, when viewed in a light most favorable to the nonmoving party, are such that reasonable persons could honestly reach different conclusions.

*Thurswell, Chayet & Weiner* (by *Milton H. Greenman*), for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Robert D. Brignall*), for defendants.

Before: McDONALD, P.J., and HOLBROOK, JR., and T. R. THOMAS,* JJ.

PER CURIAM. Plaintiffs appeal as of right and defendants cross-appeal from a May 5, 1987, modified judgment in this malicious prosecution, assault and battery, and false imprisonment case. We reverse in part and affirm in part.

This case arises out of an altercation between plaintiffs and several security guards at DJ's Lounge in the Renaissance Center in Detroit, Michigan.

Plaintiffs raise one issue and defendants raise three issues on cross-appeal. Plaintiffs claim that the trial judge erred by applying *Camaj v S S Kresge Co*, 426 Mich 281; 393 NW2d 875 (1986), to this case and vacating the treble damages for plaintiffs' malicious prosecution claims. We agree.

Prior to trial, plaintiffs' attorney "elected" to forgo arguing exemplary damages to the jury in order to receive treble damages for plaintiffs' malicious prosecution claims pursuant to MCL 600.2907; MSA 27A.2907. See *Abdul-Mujeeb v Sears, Roebuck & Co, Inc*, 154 Mich App 249; 397 NW2d 193 (1986); *LaLone v Rashid*, 34 Mich App 193; 191 NW2d 98 (1971). On September 25, 1986, the jury rendered a verdict in favor of plaintiffs on their malicious prosecution claims. In accordance with plaintiffs' prior "election" and § 2907, the trial judge trebled the damages for the malicious prosecution claims when he entered judgment on the jury verdict on October 24, 1986. However, between September 25, the date the jury rendered a verdict, and October 24, the date judgment was entered, our Supreme Court decided *Camaj* on October 7, 1986.

In *Camaj*, the Court held that "§ 2907 is in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tended only to reach those actions in which a party brings suit against a person who had insti- tuted proceedings against the current plaintiff in the name of another, without the named person's consent, or where there is no such person known." *Id.* at 290.

The Court concluded:

> Finally, we acknowledge that this decision sets forth a totally new interpretation of § 2907 which has, heretofore, not been advanced by any appel- late court in this state. Therefore, in the interest of justice and fairness, we hold that this decision shall have prospective effect only, applicable solely to the instant case and to all cases in which no final decision has been reached in the trial courts before October 7, 1986, the date of the filing of this opinion. *Tebo v Havlik,* 418 Mich 350; 343 NW2d 181 (1984). [*Camaj, supra* at 290-291.]

Both parties agree that, if applicable, the *Camaj* decision precludes the award of treble damages in the instant case. We believe the operative question to be whether the September 25 jury verdict was a "final decision" reached in the trial court. Defen- dants argue that a "final decision" is reached in the trial court only when the "final judgment" is entered. In fact, in their brief, defendants use "final decision" and "final judgment" synony- mously. We disagree and find that the September 25 jury verdict was a "final decision" within the meaning ascribed those words by the *Camaj* Court. Had the Court intended the operable date to be the date of entry of judgment, the Court would have so stated using the term final judgment rather than final decision. Moreover, to hold differ- ently would deprive plaintiffs the opportunity to receive either exemplary or punitive damages as plaintiffs elected prior to trial to forgo arguing

exemplary damages in order to receive the then allowable trebling of any damages recovered.

Defendants raise three issues on cross-appeal. Defendants first argue that plaintiffs' attorney's remarks during closing argument deprived defendants of a fair trial. Defendants point to two related comments by plaintiffs' counsel.

However, defendants' attorney failed to object to the first remark, and the trial court sustained defense counsel's objection to the second one. We find no error meriting reversal. A curative instruction could have eliminated any prejudicial effect of either comment. *Cook v Detroit,* 125 Mich App 724; 337 NW2d 277 (1983). Moreover, the record in this case does not reflect a "studied purpose to prejudice the jury and divert the jurors' attention from the merits of the case." *Cook, supra* at 737.

Defendants next claim that the trial court erred in refusing to admit into evidence an injury report filed by defendant Smalls following the incident in question.

The admissibility of evidence is within the trial judge's discretion. *Guider v Smith,* 157 Mich App 92; 403 NW2d 505 (1987), lv gtd on other grounds 429 Mich 858 (1987). We find no such abuse in the instant case. The existence of the report was unknown to plaintiffs' counsel, the report was hearsay and not properly submitted as admissible to rebut a charge of recent fabrication.

Defendants last claim error in the trial court's denial of their motion for directed verdict on plaintiff Shirley Sanders' claims of malicious prosecution and false imprisonment.

In considering a motion for a directed verdict, a trial court must

> view the testimony and all legitimate inferences in a light most favorable to the nonmoving party. If

the evidence establishes a prima facie case, the motion must be denied, *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975), *Weeks v Feltner,* 99 Mich App 392; 297 NW2d 678 (1980), *Wynn v Cole,* 91 Mich App 517; 284 NW2d 144 (1979). In slightly different terms, this Court has held that a motion for directed verdict should be denied when the facts, when viewed in a light most favorable to the nonmovant, are such that reasonable persons could honestly reach different conclusions. [*Hayes v General Motors Corp,* 106 Mich App 188, 192; 308 NW2d 452 (1981).]

Defendants argue a lack of evidence in support of plaintiff's claim that defendants lacked probable cause to prosecute Shirley for assault and battery. However, our review of the record reveals testimony that, if believed, would support a finding that plaintiff's alleged assaultive actions were justified under a "defense of others" defense. See CJI 7:9:09. We therefore find no error in the trial court's denial of defendants' motion.

Affirmed in part, reversed in part and remanded for reinstatement of plaintiffs' treble damages.