Reversed and Remanded and Plurality and
Dissenting Opinions filed May 17, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-01016-CV



Avasthi &
Associates, Inc., Appellant 

v.

Ashish K. Banik,
Appellee 



On Appeal from
the 164th District Court

Harris County, Texas

Trial Court
Cause No. 2008-20366



 

DISSENTING OPINION

The plurality concludes that the trial court erred in
granting summary judgment on one of the three grounds asserted in the motion
and then reverses and remands without determining whether the other two
summary-judgment grounds have merit.  The plurality concludes that this court need
not address these two grounds because the appellee concedes on appeal that he
was not entitled to summary judgment on these grounds.  Such a concession is
entitled to appropriate consideration; but it does not relieve this court of
its judicial obligation to independently determine whether either of these two
grounds provides a basis for affirming the trial court’s judgment.  Though
appellees who concede legal issues on appeal are often correct in doing so,
they sometimes concede an issue based on an erroneous analysis.  By concluding
that the trial court’s judgment should be reversed without analyzing two of the
three grounds upon which the trial court rendered its judgment, the plurality
(1) effectively allows the appellee to make some of the judicial determinations
necessary to dispose of this appeal, (2) undermines respect for the trial court
by concluding its judgment should be reversed without any determination that
the trial court committed reversible error, (3) ignores the public interest in
correct appellate judgments and precedent, and (4) adds inefficiency to the
judicial system by potentially reversing a correct judgment and remanding for
an unnecessary trial.  

Appellant/plaintiff Avasthi & Associates, Inc.
filed suit against appellee/defendant Ashish K. Banik asserting a
breach-of-contract claim.  The trial court granted Banik’s motion for summary
judgment, concluding that there was no genuine issue as to any material fact
and that Banik was entitled to judgment as a matter of law based upon three
grounds:  (1) there is no evidence of damages as to Avasthi’s
breach-of-contract claim; (2) Avasthi’s prior breach of contract excused Banik
from any requirement that he continue to comply with the contract; and (3) the
parties’ contract is illusory and unenforceable.  

On appeal, Avasthi argues that the trial court erred
in granting summary judgment.  This court must affirm the trial court’s
judgment if the summary-judgment evidence shows that there is no genuine issue
of material fact and that Banik is entitled to judgment as a matter of law
under any of these three grounds.  See FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000).  Avasthi has assigned error and has
presented argument in support of the proposition that Banik is not entitled to
summary judgment under any ground.  The trial court determined that there was
no genuine issue as to any material fact and that Banik is entitled to judgment
as a matter of law based on each of the three grounds.  We review this legal
determination de novo.  Mann Frankfort Stein & Lipp Advisors, Inc. v.
Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  

In his appellate brief, Banik concedes that there are
genuine issues of material fact precluding summary judgment in his favor as to
the first two grounds, and Banik argues that this court should affirm the
judgment based on the third ground.  The parties have not settled.  Banik
continues to assert that Avasthi should take nothing on its contract claim and
that the trial court’s judgment should be affirmed.  Avasthi argues that the
trial court erred in granting summary judgment and that Avasthi is entitled to
proceed with its contract claim against Banik.  The plurality concludes that
Banik’s concession relieves this court of its obligation to determine whether
the trial court erred in granting summary judgment based on the first two
grounds.  The plurality errs in doing so.  

If the trial court correctly determined that there is
no genuine issue of material fact and that Avasthi’s contract claim fails as a
matter of law based upon the first or second ground, then this court should
affirm the trial court’s judgment, even if Banik’s appellate counsel concludes
to the contrary.  See Colorado Republican Federal Campaign Comm. v. FEC,
518 U.S. 604, 622, 116 S. Ct. 2309, 2319, 135 L. Ed.2d 795 (1996) (holding that
United States Supreme Court was not bound by a party’s concession regarding the
proper legal characterization of the facts in a civil appeal); Sibron v. New
York, 392 U.S. 40, 58, 88 S. Ct. 1889, 1900, 20 L. Ed.2d 917 (1968); Orloff
v. Willoughby, 345 U.S. 83, 87–88, 73 S. Ct. 534, 537, 97 L. Ed. 842 (1953)
(stating, in a civil habeas corpus case, that if lower courts did not err in
accepting appellee’s argument regarding an issue of law, then the United States
Supreme Court should affirm, even though appellee conceded to the Supreme Court
that this argument was erroneous); Young v. United States, 315 U.S. 257,
258–59, 62 S. Ct. 510, 511, 86 L. Ed. 832 (1942); Saldano v. State, 70
S.W.3d 873, 884–91 (Tex. Crim. App. 2002) (affirming trial court’s judgment
despite appellee’s confession of error based upon appellate court’s independent
determination that judgment did not contain reversible error); Wright v.
Moore, 760 S.W.2d 242, 243–44 (Tex. 1988) (conducting independent analysis
of will and concluding that will language was ambiguous despite parties’
agreement that will language was unambiguous); Hoggett v. Brown, 971
S.W.2d 472, 489–90 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)
(construing agreement based upon its unambiguous language despite contrary
construction espoused by both sides’ experts); Haas v. Voight, 940
S.W.2d 198, 201 & n.1 (Tex. App.—San Antonio 1996, writ denied) (holding
that, despite appellee’s concession to the contrary in a civil appeal,
appellant’s first appellate issue lacked merit); Camaj v. S.S. Kresge Co.,
393 N.W.2d 875, 879–80 & n.6 (Mich. 1986) (holding that treble-damages statute
did not apply to plaintiff’s tort claim, even though on appeal, defendant
conceded, against its interest, that the statute applied).

If counsel for an appellee concludes that the trial
court erred in deciding certain legal issues in appellee’s favor, counsel can
and should notify the appellate court of this conclusion, and Banik’s counsel
should be commended for his candor.  See Orloff, 345 U.S. at 87–88, 73
S. Ct. at 537; Young, 315 U.S. at 258–59, 62 S. Ct. at 511.  This court
should give an appellee’s concession appropriate consideration and, in most
cases, such a concession probably will be correct.  See Saldano, 70
S.W.3d at 884.  But an appellee’s concession of a legal issue involved in the
appeal does not relieve this court of the obligation to perform its judicial
function by independently determining whether the appellee’s concession is
based on sound analysis.  See Sibron, 392 U.S. at 58, 88 S. Ct. at 1900;
Young, 315 U.S. at 258–59, 62 S. Ct. at 511; Saldano, 70 S.W.3d
at 884; Texas Farmers Ins. Co. v. Cameron, 24 S.W.3d 386, 398, n.2 (Tex.
App.—Dallas 2000, pet. denied) (holding that appellee’s concession regarding
question of law necessary to the proper disposition of the appeal did not
obviate need for appellate court to conduct independent analysis); Jackson
Hotel Corp. v. Wichita Cnty. Appraisal Dist., 980 S.W.2d 879, 881 n.3 (Tex.
App.—Fort Worth 1998, no pet.) (same as Cameron); Haas v. Voight,
940 S.W.2d 198, 201 & n.1 (same as Cameron). Despite Banik’s
concession, it is possible that the trial court properly granted summary
judgment in Banik’s favor based upon the first or the second summary-judgment
ground.  It is this court’s judicial duty to determine this issue, and this
court should not rely solely upon Banik’s concession.  See Young, 315
U.S. at 258–59, 62 S. Ct. at 511; Sibron, 392 U.S. at 58, 88 S. Ct. at
1900; Saldano, 70 S.W.3d at 884.  

In addition, the public has an interest in the proper
administration of the legal system, and this court must determine for itself
the proper appellate judgment and the reasons for this judgment; this court
should not delegate this judicial function to appellee’s counsel.  See Colorado
Republican Federal Campaign Comm., 518 U.S. at 622, 116 S. Ct. at 2319
(applying Young precedent in civil appeal and stating that the judgments
of the United States Supreme Court are precedents and that the proper
determination of matters of law “‘cannot be left merely to the stipulation of
the parties’”) (quoting Young, 315 U.S. at 259, 62 S. Ct. at 511); Young,
315 U.S. at 258–59, 62 S. Ct. at 511; Camaj, 393 N.W.2d at 879, n.6. 
Moreover, a blind acceptance of an appellee’s concession fails to accord proper
respect to the lower courts and abdicates the appellate court’s obligation to
decide the case properly.  See Colorado Republican Federal Campaign Comm.,
518 U.S. at 622, 116 S. Ct. at 2319; Sibron v. New York, 392 U.S. 40,
58, 88 S. Ct. 1889, 1900, 20 L. Ed.2d 917 (1968); Camaj, 393 N.W.2d at
879, n.6.  The trial court’s error in granting summary judgment based on the
third ground is not a reversible error unless Banik was not entitled to summary
judgment based upon the other two grounds.  See Ramco Oil & Gas
Ltd. v. Anglo-Dutch (Tenge) L.L.C., 207 S.W.3d 801, 826–27 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied).  By concluding that the trial court’s
judgment should be reversed without determining that these two grounds lack
merit, the plurality undermines respect for the trial court and determines that
the trial court’s judgment should be reversed without a judicial determination
that the judgment contains reversible error.  See Sibron, 392 U.S. at
58, 88 S. Ct. at 1900; Orloff, 345 U.S. at 87–88, 73 S. Ct. at 537; Ramco
Oil & Gas Ltd., 207 S.W.3d at 826–27; Camaj, 393 N.W.2d at 879,
n.6.

Though perhaps not likely, it is possible that, as a
matter of law, there is no evidence of any damages resulting to Avasthi from
Banik’s alleged breach of contract or that, as a matter of law, Avasthi’s prior
breach excused Banik from complying with the provision of the contract that he
allegedly breached.  In either event, the trial court, the taxpayers, and the
people of Harris County should not be burdened with a jury trial of Avasthi’s
contract claim and further proceedings in this case simply because Banik’s
counsel might have reached the wrong legal conclusion.  See In re Team
Rocket, L.P., 256 S.W.3d 257, 262 (Tex. 2008) (giving consideration, in
mandamus context, to public’s interest in avoiding waste of time and money
entailed in meaningless trials and proceedings).  Conducting an independent
analysis of these matters here and now would not require significant judicial
resources and it would reduce the chance that this court will erroneously
reverse the trial court’s judgment and remand for the jury trial of a claim
that fails as a matter of law.  See id.

The plurality correctly concludes that the trial
court erred by granting summary judgment based on the third summary-judgment
ground.  Nonetheless, this conclusion does not support this court’s reversal of
the trial court’s judgment unless this court also determines that the trial
court erred in granting summary judgment based on the other two grounds.  By
reversing the judgment without addressing the merits of the other two grounds,
this court jumps the gun and misses a critical step that, if performed, might
yield a different result. Rather than deferring to Banik’s determination of
these issues, this court should conduct an independent analysis.  Because it
does not do so, I respectfully dissent.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Frost,
and Brown.  (Anderson, J., plurality) (Brown, J., concurring without opinion).