*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CHRISTINE SIRREY,

                    Plaintiff-Appellee,

UNPUBLISHED
March 10, 2022

v

No. 356323
Macomb Circuit Court
LC No. 2020-000733-NO

J DELL HAIR STUDIO,

                    Defendant-Appellant.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

RONAYNE KRAUSE, J. *(dissenting)*.

I respectfully dissent, because I find the majority's analysis of the evidence incomplete.

As the majority observes, defendant's owner, Janan Delly, testified that the floor was a light grey color and the hair was a dark contrasting color. However, the majority inappropriately dismisses plaintiff's testimony that the floor was a dark brown color. We have been provided with color photographs of the floor that could support a conclusion that the floor was brown and wood textured. Additionally, there were mats on the floor that are dark colored. Although the color of the hair on the floor was not specifically identified insofar as I can determine, it is a matter of common knowledge that "dark" hair is typically brown to black. Brown hair on a brown floor, or black hair on a black mat, would not necessarily be *objectively* obvious to an ordinary person upon *casual* inspection. *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). The fact that plaintiff did not actually see or actively look for the hair is irrelevant, because the standard is objective. *Id*. The fact that the hair was noticeable after falling on it has little probative value to whether "an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*.

When deciding a motion for summary disposition, we must view the evidence in the light most favorable to the non-moving party. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The courts may not make factual findings when deciding a motion for summary disposition, and the courts must give the non-moving party the benefit of any reasonable doubt. *Lytle v Malady*, 458 Mich 153, 176; 579 NW2d 906 (1998). "[I]f the evidence before [the court] is conflicting, summary disposition is improper." *DeFlaviis v Lord & Taylor, Inc*, 223 Mich 432,

436; 566 NW2d 661 (1997). The color and shade of the floor is highly material to whether the hair would have been objectively open and obvious, and the evidence of the color and shade of the floor is directly conflicting. I respectfully do not share the majority's perception of either photograph depicting the floor as gray rather than brown, but clearly reasonable minds could differ as to what the evidence shows. Summary disposition is therefore improper as to plaintiff's premises liability claim.

I agree with the majority that Mich Admin Code, R 338.2173(1), or LARA "Rule 73," does not appear to confer a private cause of action upon plaintiff. However, violation of an administrative rule can constitute evidence of negligence if the rule was intended to protect persons similarly situated to plaintiff from suffering the kind of injury involved and the violation was a proximate cause of that injury. *Est of Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 163-164; 923 NW2d 894 (2018). As quoted by the parties, "Rule 73" provided[1] at the time of the fall:

> The licensee or owner of an establishment or school shall keep the establishment or school clean, safe, and sanitary at all times, disposing of temporary waste materials, including, but not limited to, hair clippings, paper, and tissues, after servicing a patron.

The evidence, viewed in the light most favorable to plaintiff, could support a conclusion that defendant breached the above rule by leaving the hair clippings on the floor. "Rule 73" was located in the "Health and Safety" part of LARA's rules regarding cosmetology. Although subject headings are not part of statutes[2] and are poor evidence of the legislature's intent, they may provide inferential support for a conclusion derived from the language of a statute. See *Camaj v S.S. Kresge Co*, 426 Mich 281, 298; 393 NW2d 875 (1986). The plain language of "Rule 73" shows that it is intended, in part, to ensure the premises are safe; the location of "Rule 73" supports that conclusion. The obvious class of persons to be protected by the rule would be both employees and patrons, and the obvious hazard of hair clippings on the floor would be slipping and falling. Therefore, plaintiff was a person intended to be kept safe by the rule, she suffered an injury the rule was intended to guard against, and violation of the rule was a proximate cause of plaintiff's injury. Therefore, although "Rule 73" does not confer a cause of action upon plaintiff, it does

---

[1] Although R 338.2173 has been rescinded as of November 4, 2021, the substance of "Rule 73" as cited by the parties is now bifurcated into R 338.2171(2)(g) and R 338.2171b(g). The former provides: "An establishment or school shall comply with all of the following minimum operational requirements: . . . All waste materials including, but not limited to, hair clippings, paper, tissue, and single-use tools must be disposed of in a covered waste container." The latter provides: "A licensee, student, or apprentice shall satisfy all of the following: . . . Once hair care services are completed on a patron, remove any hair clippings from the floor." Because the fall occurred in 2017, "Rule 73" as cited by the parties would have been applicable at that time.

[2] Administrative rules are generally interpreted in the same manner as statutes. See *Aaronson v Lindsay & Hauer Int'l Ltd*, 235 Mich App 259, 270; 597 NW2d 227 (1999).

provide evidentiary support for plaintiff's claim of negligence, which she also set forth in her complaint.[3]

Ordinarily, a premises liability claim "arises solely from the defendant's duty as an owner, possessor, or occupier of land," and if the "injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 692; 822 NW2d 254 (2012). However, the fact that the most direct cause of an injury was a condition of the premises is not always dispositive. For example, in a case where the plaintiff slipped and fell on mud in the defendant's yard, sustaining injuries as a result, while being chased by defendant's dog, the plaintiff was permitted to bring a negligence claim based on the defendant's failure to control the dog. *Hiner v Mojica*, 271 Mich App 604, 605-608, 615-616; 722 NW2d 914 (2006). A person may bring both a premises liability claim and a negligence claim against the same person based on violations of distinct duties, based on whether the claim is based on "the overt acts of a premises owner on his or her premises" or "injury by a condition of the land." *Kachudas v Invaders Self Auto Wash Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010).

Plaintiff alleges, in part, that defendant's owner directly led plaintiff into the hair clippings under circumstances where plaintiff would not have been able to see the clippings because Delly obstructed the view. The allegations could constitute circumstances under which defendant assumed a role under which plaintiff entrusted herself to defendant for some degree of control and protection. See *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988). I would find that plaintiff has articulated a claim of negligence based on defendant's conduct of directing her into danger, in addition to a claim of premises liability based on a hazardous defect in the premises. The alleged violation of "Rule 73" is therefore relevant, even if it does not directly confer a cause of action.

As the majority notes, it is not clear whether the trial court ever considered the nature of plaintiff's claim or claims, nor does the trial court appear to have addressed any arguments regarding "Rule 73." Nevertheless, I would affirm the trial court's order denying summary disposition.

/s/ Amy Ronayne Krause

---

[3] As the majority notes, plaintiff did not expressly argue that a violation of "Rule 73" should support a claim of negligence in so many words. However, I find such an argument implied in plaintiff's references to negligence on appeal; and plaintiff's complaint alleged, among other things, that defendant "was negligent" for failing to timely clean the floors, failing to comply with laws and ordinances, and failing to exercise reasonable care for plaintiff's safety. Although plaintiff could have framed the issue more clearly, that does not preclude an appellate court from addressing that issue. See *Mack v Detroit*, 467 Mich 186, 207; 649 NW2d 47 (2002).